### P. J. WILLIS & BRO. v. THOS. F. HUDSON, JR.

#### No. 2322.

1. **Venue—Trespass.**—The venue in cases of trespass for taking and the conversion of personal property lies in the county where committed.

2. **Same.**—A sheriff at instance of the plaintiffs in an execution upon a judgment which had been satisfied seized and sold a stock of goods in the possession of a third party. Suit was brought in the county where the goods were seized against the sheriff and the plaintiffs in the execution, the latter residing in another county. The defendants pleaded to the merits, and the plaintiffs dismissed as to the sheriff, on exceptions by the remaining defendants that the suit should abate by reason of their right to be sued in the case only in the county of their residence. *Held,* that in such suit the venue as: to all the defendants was in the county of the seizure and conversion.

3. **Charges.**—See charges approved as pertinent to the pleadings and evidence.

4. **Charge—Writing.**—To charge upon the legal effect of an instrument of writing in evidence though it does not bear directly upon the issues is proper, and not a charge upon the weight of evidence or upon a particular part of the testimony, thereby giving it undue prominence.

5. **Charge not upon Issues.**—A charge may not be upon the issues involved in the trial, but it is not objectionable if its object is to exclude from the consideration of the jury questions to which the testimony might be applied which are not in issue. Such charge thereby directs the jury to the very points for their consideration.

6. **Charge—Disputed Facts.**—It is proper to refuse a charge which assumes a fact about which there is dispute or a conflict in the evidence.

7. **Charge.**—Where the execution under which the defendants sought to justify a seizure of personal property was issued upon a satisfied judgment it was proper to charge the jury that the right of the plaintiffs in execution to seize the goods was not an issue.

8. **Practice—Modification of Charge.**—Complaint can not be made that a charge asked was given with modifications unless it was error to refuse the charge as asked, or that the party had a right to have the charge given as requested.

9. **Fraud.**—A defendant having no right to seize personal property for the taking of which he is sued can not attack the right of the plaintiff by showing fraud in his acquiring it. Appellees defending under a satisfied execution could not attack the title of the appellee for fraud.

APPEAL from Brazos. Tried below before Hon. W. E. Collard.

The opinion states the case.

*G. E. Mann* and *McLemore & Campbell,* for appellants. — 1. The court erred in overruling defendants' exception in abatement to the jurisdiction. The suit was for trespass in the seizure of the stock of goods. Damages actual and exemplary were claimed. Petition alleged.

that the defendants P. J. Willis & Bro. were residents of Galveston County and the defendant Wilson a resident of Burleson County. Wilson filed an amended answer alleging that he was sheriff and took the goods under a writ of execution regular and fair on its face, and that they were subject to the execution. The plaintiff then dismissed as to Wilson, and his codefendants Willis & Bro. amended and excepted in abatement on the ground that the petition showed that the alleged trespass was by Wilson and the petition only connected Willis & Bro. with the trespass by claiming that they instigated Wilson to make the seizure and were actuated by malice, etc., against plaintiff in so doing, and that they had injured his credit and ruined his business as a merchant. The only jurisdiction in Burleson County on the allegations of the petition was through the codefendant Wilson, and as soon as he was dismissed and the jurisdiction was lost defendants claimed their privilege of being sued in the county of their residence, being Galveston County, as stated in the petition. Carothers v. McIlhenny Co., 63 Texas, 147; Hilliard v. Wilson & Blum, 65 Texas, 286.

2. The court charged upon the weight of the evidence and gave undue prominence to parts of the evidence. Heldt v. Webster, 60 Texas, 209; Ormond v. Hayes, 60 Texas, 182; Willis & Bro. v. Hudson, 63 Texas, 685; Kimbro v. Hamilton, 28 Texas, 564.

3. The jury were misled by the court charging on isolated parts of the evidence, and especially as to the bill of sale dated January 26, 1882.

4. The court erred in not giving the special charge asked by defendants. Taylor v. McNutt, 58 Texas, 71.

5. The charge of the court as to the execution was hypothetical and on no issue made by pleading or evidence, and was calculated to divert the minds of the jury from the issue of ownership of the goods to the question of defendant's rights under the execution. Willis & Bro. v. Hudson, 63 Texas, 679; H. & T. C. R. R. v. Rider, 62 Texas, 270; Austin v. Talk, 20 Texas, 167; Andrews v. Smithwick, 20 Texas, 118; Lee v. Hamilton, 12 Texas, 419; Smith v. Montes, 11 Texas, 24, 25.

6. The court erred in that the general charge as a whole put the case more strongly for plaintiff than the evidence warranted, and it is calculated to induce the jury too readily to adopt the conclusion of facts supposed, without sufficiently considering whether there was evidence to sustain the adoption of all those conclusions, and there is reason to apprehend that the jury was so misled.

*W. K. Homan*, for appellee.—1. The plea to the jurisdiction presented by defendants P. J. Willis & Bro. was properly overruled. Lewis v. Davidson, 51 Texas, 251; Wilson v. Adams, 15 Texas, 323; Hays v. Stone, 36 Texas, 186; Ryan v. Jackson, 11 Texas, 400; Rev. Stats., arts. 1265, 1268.

2. It was the duty of the court to instruct the jury as to the legal effect of the written conveyance from Thos. F. Hudson & Son to Thos. F. Hudson, Jr., of January 26, 1882, and the charges given by the court on that subject are correct and were properly given. Cook v. Dennis, 61 Texas, 246; Traylor v. Townsend, Id., 146; Johnson v. Timmons, 50 Texas, 536, 537; Wright v. Thompson, 14 Texas, 563; San Antonio v. Lewis, 9 Texas, 71; Taliaferro v. Cundiff, 33 Texas, 417; Whitaker v. Bledsoe, 34 Texas, 402; Daughtrey v. Knolle, 44 Texas, 456; Beale v. Ryan, 40 Texas, 399.

3. The controversy being as to plaintiff's ownership *vel non* of the goods, it was the duty of the court to instruct the jury as to what facts would or would not constitute ownership in plaintiff, and the instructions given present fully and correctly the law applicable to this issue. I. & G. N. R. R. v. Underwood, 64 Texas, 468; Andrews v. Parker, 48 Texas, 99; Gibson v. Hill, 21 Texas, 225; Able v. Lee, 6 Texas, 430; Abbot's Tr. Ev., 317; Benj. on Sales, sec. 317, note c.

4. The court having admitted in evidence the execution in favor of appellants against Thos. F. Hudson, Sr., and John A. Hudson, under which the seizure was made, properly instructed the jury as to the purpose of its admission and the extent to which it could be considered by them.

STAYTON, CHIEF JUSTICE. — This action was brought by appellee against appellants and S. Y. Wilson to recover damages for an alleged seizure and conversion by them of a stock of goods which he alleged he owned and possessed at the time they were taken by the defendants.

The cause was before this court at a former term, when a judgment obtained by appellee was reversed and the cause remanded. Willis & Bro. v. Hudson, 63 Texas, 678. The action was originally instituted in Burleson County where the defendant Wilson resided, appellants being residents of Galveston County. After the cause was remanded the venue was changed on motion of defendants to Brazos County, and after this was done appellee dismissed his action as to Wilson. Appellants then by exception presented the question of their right then to be sued only in the county of their residence, which was shown by the petition, but this was overruled.

They further claimed that the dismissal as to Wilson made the cause of action set up against all a new cause of action, and interposed by exception the defense of limitation, which was also overruled. They also pleaded "not guilty," and on this plea went to trial before a jury, who returned a verdict against them, on which the judgment appealed from was entered. In the course of trial the following facts appeared, in reference to which there was no controversy:

1. That on January 1, 1881, Thos. F. Hudson, Sr., and his son John

A. Hudson, who composed the firm of Thos. F. Hudson & Son, made an assignment under the statute for the benefit of such of their creditors only as would accept under it and release them.

2.   On March 7, 1881, P. J. Willis & Bro. recovered a judgment for $43,973.11 against Thos. F. Hudson & Son.

3.   On May 3, 1881, they accepted under the assignment and agreed to execute release, and under this, on or before October 8, 1881, they received the sum of $8452.17, for which they gave the following receipt and release:

"$8452.17.   Received from C. E. Wynne, assignee of the estate of Thos. F. Hudson & Son and Thos. F. Hudson and John A Hudson, the sum of eight thousand four hundred and fifty-two and 17-100 dollars, in full payment and discharge of all claims and demand against the said Thos. F. Hudson & Son, and against the said Thos. F. Hudson and John A. Hudson.   In witness whereof we have hereunto signed our names, at Galveston, Texas, this 8th day of October, 1881.

[Signed]                              "P. J. WILLIS & BRO."

4.   On November 29, 1882, P. J. Willis & Bro. caused an execution to be issued against Thos. F. Hudson & Son on the judgment secured by them on March 7, 1881, which at their request was levied upon the goods claimed by appellee and for the conversion of which this action was brought.

5.   The levy was made by Wilson, sheriff of Burleson County, who was originally made a defendant, and after the sale of the goods the proceeds were paid to P. J. Willis & Bro.

6.   At the time Hudson & Son made the assignment they were the owners of a stock or stocks of goods, and these were sold by the assignee and bought by Kaufman & Runge, who for a time conducted the business through Thos. F. Hudson, Sr., and his son as agents, under an agreement however that Kaufman & Runge would reconvey the stock to Thos. F. Hudson, Sr., and John A. Hudson upon payment by them of the sum bid by Kaufman & Runge.

7.   Under this agreement the goods again became the property of Hudson & Son in January, 1882.   There may be some controversy however whether the purchase of the goods by Kaufman & Runge may not have been for and under an agreement with Hudson & Son.

8.   Hudson & Son conveyed to Thos. F. Hudson, Jr., the appellee, that stock of goods by an instrument of writing as follows:

"ROCKDALE, TEXAS, Jan. 26, 1882.

"For and in consideration of the sum of two thousand ($2000) dollars to us in hand paid, and also in consideration of one promissory note of even date with this for the sum of twenty-four thousand five hundred and sixteen dollars and fifty-three cents ($24,516.53), due twelve months after date, the sum being paid and given by Thos. F. Hudson, Jr., we

hereby transfer to him all our stock of general merchandise, together with all notes and book accounts due us and all judgments in our favor.

[Signed]                              "THOS. F. HUDSON & SON."

Appellee took that stock of goods to Fort Worth, where he established a large business in his own name with it and additions thereto purchased in his own name both for cash and on credit.

From the stock of goods thus built up the goods for the conversion of which this action was brought were taken, and a business opened in Burleson County in the name of Thos. F. Hudson, Jr.

The theory of appellants' defense was that the entire business done in the name of Thos. F. Hudson, Jr., and having its inception with the purchase evidenced by the bill of sale of January 26, 1882, was the business of Thos. F. Hudson, Sr., or of himself and his son John A., and that all of the goods held in the name of Thos. F. Hudson, Jr., were in fact the property of Thos. F. Hudson, Sr., or of himself and his son John A., and so held by Thos. F. Hudson, Jr., to place them beyond the reach of their creditors.

There was much evidence tending to show that this may have been true, and much tending to show that Thos. F. Hudson, Jr., may have been the lawful owner.

Under the charge of the court the verdict in favor of appellee evidences the fact that the jury found the goods to be the property of appellee, and there is no assignment of error which calls in question the sufficiency of the evidence to sustain the verdict.

It is claimed, however, that many of the charges given were erroneous and calculated to mislead the jury, and that thereby they reached a conclusion they would not otherwise have reached.

The charges given in so far as objected to are as follows:

"3.   If you find from the evidence that the plaintiff was the owner of the goods described in the petition, and defendants, P. J. Willis & Bro., caused a levy to be made upon the goods and had them seized by said Wilson by virtue of the execution read in evidence, and converted them or the proceeds of the same to their own use, you will find for the plaintiff actual damages—that is the market value of the goods at the time and place of seizure, and 8 per cent interest per annum thereon from the date of the seizure to this date, the whole amount including interest not to exceed $5000.

"4.   If you find that plaintiff was holding the goods for Thos. F. Hudson, Sr., or for Thos. F. Hudson & Son; or if you find that the plaintiff, Thos. F. Hudson, Jr., was not the actual owner of the goods, he can not recover under the allegations of his petition, and in such case you will find for the defendants.

"5.   If the goods seized under the execution against Thos. F. Hudson & Son at Caldwell were bought by the plaintiff, Thos. F. Hudson,

Jr., upon his order, or by other persons for him, upon a credit or for cash, with the intent on the part of Thos. F. Hudson, Jr., and on the part of the persons from whom the same were purchased, to put the title and right to the property in Thos. F. Hudson, Jr., then he, Thos. F. Hudson, Jr., would be the owner of the same for the purposes of this suit. The transfer of the stock of goods at Rockdale by Thos. F. Hudson & Son to Thos. F. Hudson, Jr., as shown by the conveyance read in evidence, of date January 26, 1882, if the same was delivered, and if the goods so sold were delivered pursuant to the same to plaintiff, had the effect to vest the title to said stock in the plaintiff, Thos. F. Hudson, Jr., unless it appears from the testimony that it was the intention of the parties to so put the property under cover of a different name, while in truth it was understood to belong to Thos. F. Hudson & Son.

"6. If the goods levied on by the execution at Caldwell were purchased in the name of plaintiff, upon his order, by the plaintiff himself, or by other persons for him, and were shipped to him, but the evidence shows that in truth Thos. F. Hudson & Son or Thos. F. Hudson, Sr., were the actual owners of the same; or if it appears from the evidence that the name of Thos. F. Hudson, Jr., was substituted for the firm name of Thos. F. Hudson & Son, and that though the business was conducted under the new name, if it was in fact a continuation of the business of Thos. F. Hudson & Son, and if in fact the goods belonged to them, then plaintiff, Thos. F. Hudson, Jr., would not be the owner. If the transfer of the Rockdale stock was not intended by the parties to put the title in plaintiff, but was merely intended under the semblance of a sale to put the goods in a different name without changing the ownership, then the transfer would not put the ownership of the same in Thos. F. Hudson, Jr.

"7. If you find that the plaintiff, Thos. F. Hudson, Jr., purchased the goods levied on by agent or in person or upon orders, and it was his intention and the intention of the parties selling him the goods to vest in him the title to the same, it makes no difference and his ownership would not be affected by the fact, if you find that it existed, that he was so made the owner by arrangement with Thos. F. Hudson & Son to avoid the payment of the debts of the said Thos. F. Hudson & Son and to defraud their creditors; if the agreement existed between Thos. F. Hudson & Son and Thos. F. Hudson, Jr., that the plaintiff was to be the legal owner of the goods and the agreement was valid as between them, the fact, if you find that it existed, that it would be void as to creditors of Thos. F. Hudson & Son would not invalidate the ownership of Thos. F. Hudson, Jr., because the defendants, P. J. Willis & Bro., are not in a position either under the pleadings or the evidence to impeach the ownership of the plaintiff for fraud against creditors. The execution of P. J. Willis & Bro. is no evidence of debt against Thos. F. Hudson & Son, and was not admitted in evidence to establish a debt, but it was admitted

to show by what color of authority the levy was made so that you might consider the same not as a justification of the levy but along with the other facts and circumstances under the claim of plaintiff for exemplary damages. If you find that plaintiff was the owner of the goods levied on, the execution will not affect plaintiff's right to actual damages, viz., the value of the goods and interest as before explained, but you may consider the same under plaintiff's charge of malice and in mitigation of exemplary damages if you find any under other instructions."

"13. The burden of proof is upon the plaintiff to establish his alleged ownership of the goods, their seizure and conversion, and their value; but if you find that the legal title to the goods vested in plaintiff by the bill of sale from Thos. F. Hudson & Son of the Rockdale stock, and by purchase of new goods from other parties, then the burden of proof would be upon defendants to show that the legal title was divested out of plaintiff by some affirmative act of his prior to the seizure of the goods. The burden of proof is upon the plaintiff to show that the conduct of the defendants in relation to the levy and seizure was malicious and oppressive, deserving punishment by exemplary damages; and if the evidence fails to show such conduct on the part of defendants as would justify you in finding exemplary damages you will not award such damages against them, whatever may be your verdict as to actual damages."

Assignments of error are based on these charges, on the refusal to give charges requested which will hereafter be set out so far as necessary, and upon the action of the court below in refusing to abate the action on exception of appellants after the dismissal of the action as to Wilson.

The petition alleged a trespass committed by all the parties originally made defendants, and that this was committed in Burleson County. There was not that in the petition so qualifying this charge as to make it necessary in order lawfully to fix the venue as to all in Burleson County that Wilson should have been joined at all. If appellants desired to controvert the right of appellee to maintain his action against them in Burleson County they might have done so by proper plea putting in issue the existence of facts which would make it proper to sue them alone in that county, or to join them with Wilson. This they did not, but pleaded to the merits, and only by amendment filed long after this was done, by exception sought to raise the question of their privilege to be sued in the county of their residence. The exception if filed at proper time, in view of the averments of the petition, should have been overruled had not Wilson been joined as a defendant.

Although appellants did not allege that the goods seized were conveyed by Thos. F. Hudson & Son in fraud of their creditors, or that they were bought with the funds of that firm and really their property and in their possession, though standing in the name of appellee, yet they sought by the evidence to show that this was true for the purpose of rebutting the

proof made by appellee as to his ownership and possession. In attempt-
ing to do this they introduced evidence of such facts as they thought,
pertinent to trace the connection and show the relation of appellee to the
business conducted in his name. In this connection they introduced the
bill of sale to appellee of date January 26, 1882, with evidence of the
consideration paid by appellee.

They now urge that the court erred in giving so much of the fifth para-
graph of the charge as declared the legal effect of that instrument, and
the objection now urged is that this was a charge on the weight of evidence,
for that the goods seized and converted were not of the stock thereby
conveyed, but of goods subsequently bought by appellee from merchants
in New York and other cities. We do not understand that appellants
during the trial conceded this to be true, and the court could not assume
it to be so simply because the evidence for appellee tended to prove it to
be so. From the evidence offered by appellee in connection with the bill
of sale referred to, and bearing upon the question of the bona fides of the
parties to it, we would conclude that it was the purpose of appellants to
show by the evidence that some at least of the goods seized were of that
stock, and that the instrument evidenced a sale made by its makers to de-
fraud their creditors by placing the apparent title in appellee while as.
between the parties the real title and possession was to remain in them,
or that it was the purpose of appellants by such evidence to show the true
relation of appellee to the entire property with which business was done
in his name. If they could satisfy the jury that the stock of goods named
in that instrument as between the parties remained the property of Hud-
son & Son and that it was mingled with stock subsequently bought in
the name of appellee, the inference would be strong that the real owner-
ship in all was the same, and for this purpose no doubt the evidence was
introduced.

Whatever may have been the purpose of appellants in offering the
instrument in evidence, having brought it into the case to illustrate any
issue involved, it was proper that the court should declare to the jury its
legal effect, and there was nothing in that part of the charge bearing
upon the weight of evidence. The same objection is made to the parts of
the sixth and thirteenth paragraphs of the charge that referred to the stock
transferred by the instrument before referred to, but we do not see that
these charges were subject to any such objection.

The sixth paragraph presented the very issue the appellants attempted
to make by the evidence and the only issue under which as the plead-·
ings stood it was possible for them to defend. Evidence as to the Rock-
dale stock was evidently brought into the case by appellants for the pur-
pose of showing that the ownership of that, while placed by the bill of·
sale in Thos. F. Hudson, Jr., was as between himself and his father and
brother really the property of the latter; that this was the foundation of·

the bus.ness carried on subsequently in the name of appellee; and that the mingling of this with goods subsequently bought in the name of Thos. F. Hudson, Jr., gave character to the entire business and illustrated the question of ownership in all the goods held in his name.

The thirteenth paragraph of the charge as to the burden of proof was correct, and preceding paragraphs fully informed the jury under what state of facts appellee would or would not be entitled to recover.

Many of the assignments of error are in effect but repetitions, and therein complaint is made that the court below selected isolated parts of the evidence and gave charges applicable thereto, whereby the jury were induced to give to such parts an undue influence.

As to this we may say, once for all, that the charge is not subject to such construction, but in so far presented to the jury the law applicable to the facts on which either party could fairly build up a theory on which to base a recovery or defense, that it would be a useless consumption of time here to discuss the several assignments which urge that the charge was upon the weight of evidence or that it gave undue prominence to parts of the evidence.

The charge speaks for itself, and in all these respects is a clear statement of the law arising on the facts through which appellee sought a recovery and appellants sought to defeat it.

The fifth paragraph presented the case the evidence offered for appellee tended to establish, and the sixth that which the evidence offered by appellants was intended to make, and neither was upon the weight of evidence.

It is urged that the court erred in giving the seventh paragraph of the charge given. The objections urged in brief of counsel to this charge are: "Because the same is a charge upon issues not made in the case, either by the pleadings or the evidence; and further, because the same is a running criticism by the court on the fact that the defendants have caused the seizure of the goods in controversy by the use of a void execution, when in point of fact the said defendants were not creditors, as asserted by the court, of the parties against whom the execution ran. The language of the court was intended and calculated to attract the attention of the jury to the fact that it was the court's view that whatever might have been the plaintiff's right the defendants had no rights under the execution which they had used. That the said language was not justified by any issue in the case, and was hypothetical and suppositious.

"And the charge on this question, when it was admitted that no such defense was made 'either by pleading, evidence, or argument,' was calculated to and did divert the mind of the jury from the real issue as made in defense to the question of the right of defendants to seize the property, instead of the right of the plaintiff to claim the damages for the seizure."

The charge in effect instructed the jury if the goods seized were the property of appellee, although they may have so become through facts that would make his ownership and possession fraudulent as to creditors of Thos. F. Hudson & Son, that this would not release appellants from liability for the seizure under an execution in their favor and against Thos. F. Hudson & Son, issued under a judgment satisfied by the release appellants had made when accepting under the assignment made by that firm. The charge given was strictly correct, but it is said that it had no bearing on any issue in the case.

If it served no other purpose than to prevent the jury from considering a mass of testimony introduced by appellants in support of propositions not really in issue, upon which however the evidence had a more direct bearing than had it on matters really in issue, the charge was properly given.

Much of the evidence introduced by appellants had only an indirect bearing on the question whether appellee or Hudson & Son owned and were in possession of the goods seized, but it had a direct bearing on the question whether Hudson & Son were once indebted to appellants, whether on that indebtedness a judgment had been recovered, and whether the goods in controversy had been seized under an execution that issued on that judgment; and had not the charge of which complaint is made been given, the jury most likely would have disposed of the case on issues not in the case, but which seemed to them to arise out of the evidence.

Had the charge not been given the jury would have been left to infer that the execution under which the seizure was made was valid, and the debt evidenced by the judgment under which it issued not discharged by the partial payment made by the assignee, and appellants therefore creditors of Hudson & Son, who had the right to enforce their claim through a seizure and sale of the goods if they came into hands of appellee under such circumstances as to make his holding fraudulent as to the creditors of that firm.

The language of the charge *was* calculated to induce the jury to believe that appellee's right to recover could not be affected by the fact that he acquired the goods or the means through which they were purchased from Hudson & Son or either of them in fraud of their creditors, if as between themselves it was intended that ownership and right to possession should be in appellee, and it in plain terms informed the jury that appellants could acquire no right under the execution they used.

Such a charge was not only proper but necessary to enable the jury to understand their duties in the case, so much testimony calculated to confuse having been admitted.

The charge clearly instructed the jury upon the issue on which depended the right of appellee to damages for the conversion of the goods,

and stripped the case from everything brought into it in evidence from which the jury might have believed that the right of appellants to seize the goods was an issue in the case.

The charge of the court and those given at request of appellants could not have left the jury uncertain as to the issues to be tried; were clear and applicable to the facts in evidence as all charges should be; and but for this their commendable characteristic, in view of the manner in which the evidence was brought out under pleadings the most general, the minds of the jurors no doubt would have gone to the solution of issues seemingly presented by the evidence but of no importance whatever in the determination of the rights of the parties under the facts which established that appellants were not creditors of Hudson & Son entitled to enforce payment of their debt through the execution.

The charge asked by appellants and refused, which is referred to in fourth assignment, assumed a fact to be true which appellants doubtless would have been unwilling to admit; and although there was evidence tending to show that the fact was as assumed, the court properly refused to give the charge on acount of its assumption of facts. In the main the charge refused was substantially embraced in the charges given.

Appellants asked the following charge: " If the jury find from the evidence that Thos. F. Hudson & Son or Thos. F. Hudson, Sr., bought the goods with the money of Thos. F. Hudson & Son or Thos. F. Hudson, Sr., the firm of Thos. F. Hudson & Son or Thos. F. Hudson, Sr., would be no less the actual possessors and owners of the property because the goods were bought and shipped in the name of Thos. F. Hudson, Jr."

The court gave this charge after qualifying it as follows: "If the business conducted under the name of Thos. F. Hudson, Jr., was owned by him and run for his benefit, and if it was understood between him and his father and brother that the goods purchased were in fact to be the plaintiff's, then it would be immaterial whose money bought or paid for the goods. The goods would be the plaintiff's."

It is insisted that the charge should have been refused or given without qualification. That course might have been properly pursued, but appellants have lost nothing by the failure of the court to follow it unless the charge asked should have been given. The jury would have been authorized under the charge asked to have found that appellee was not, as against appellants, the owner of the goods if bought with money of Thos. F. Hudson & Son or Thos. F. Hudson, Sr., although it may have been the intention of the person with whose money they were bought to make them the property of appellee. The charge asked would have been correct if appellants had been in position to attack a conveyance made by Hudson & Son or Thos. F. Hudson, Sr., on the ground that such a transaction would be fraudulent as to them as creditors of the firm or person.

whose money bought the goods; but as the case admittedly stood, the charge asked was misleading and could be given only with the qualification made by the court.

There is no complaint that the verdict, which was only for actual damages, was excessive; the trial seems to have been conducted with the utmost fairness, and there is no reason to believe that anything that occurred during the trial misled the jury as to the real issues involved or induced them to give weight to evidence to which it was not entitled. The judgment will therefore be affirmed, and it is so ordered.

*Affirmed.*

Opinion, February 5, 1889.