### J. W. PERRY ET AL. v. J. J. STEPHENS.
#### No. 6401.

1.   **Venue.**—The unlawful seizure of goods is a trespass within the meaning of the statute (Rev. Stats., art. 1198, sec. 8), and the venue of an action for damages based on such unlawful seizure may be brought in the county in which the seizure occurred, either by an assignee for creditors who had title and right to possession or by his successor in the trust.

2.   **Approval of Bond.**—A district judge who removes an assignee for the benefit of creditors may approve the bond of the successor who is appointed by him.

3.   **Appeal.**—No appeal lies from the order of a district judge removing an assignee for the benefit of creditors and appointing his successor in vacation.

4.   **Evidence.**—One who sues for damages for the illegal seizure of goods under attachment, and who is not a party to the writ, is not bound by the return of the officer, but may show what disposition he made of the goods, without reference to the return endorsed on the writ.

5.   **Sale.**—See opinion for facts showing a contract between the plaintiff in attachment and the assignee for creditors appointed by the debtor which passed no title to the property seized.

6.   **Evidence — Trespass.** — The ownership by purchase subsequent to wrongful seizure by the purchaser under attachment of goods which had been legally conveyed to an assignee for the benefit of creditors, can not affect the right of the assignee to

recover in an action for damages based on the trespass committed by the illegal seizure under the writ.

APPEAL from Wilbarger. Tried below before Hon. P. M. Stine.
The opinion sufficiently states the case.

*Kearby & McCoy*, for appellants.—1. The court had no jurisdition of either the persons of the defendants or the subject matter of the suit. Rev. Stats., art. 1198; Acts 1887, p. 49.

2. The county judge of Wilbarger County having acquired jurisdiction of the estate of B. Tobolowsky by fixing amount of bond and approving the same, the District Court had no power to appoint an assignee of said estate or to apprové the bond of such assignee. Const., art. 1, sec. 19; 67 Texas, 42, 48.

3. The judgment rendered removing A. J. Shayne and appointing appellee is such a final judgment as can be appealed from, and the execution of a bond has the effect of suspending the judgment until the determination of such appeal. Rev. Stats., art. 1380; 67 Texas, 42, 48; 60 Texas, 559, 565.

4. The writs and endorsements thereon were the best evidence of what the officers did and the manner of their doing it.

5. Shayne had full power to dispose of the goods. A. & E. Mittenthall entered into an agreement with the assignee whereby they bound themselves to purchase the claims outstanding against B. Tobolowsky, and in consideration thereof A. J. Shayne agreed that A. & E. Mittenthall should retain and keep the goods. A. & E. Mittenthall gave to Shayne an obligation to hold him harmless. We submit that these facts constituted a purchase. Shayne as assignee had a right to thus dispose of the goods; and if he has acted in bad faith or improperly disposed of the goods, plaintiff's remedy was not against these appellants, but against Shayne and his bondsmen.

6. The court erred in refusing to find the amount of debts due B. Tobolowsky, and to allow defendants to pay off said claims and abate the suit, and discharge the assignee.

No brief for appellee has reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—Appellants A. & E. Mittenthall caused a writ of attachment from the District Court of Dallas County to issue to Wilbarger County against the property of one Tobolowsky, and placed it in the hands of their coappellant Perry as a constable of the latter county. By virtue of the writ Perry seized a stock of goods at the town of Harold, which had belonged to the defendant in the writ. A few hours before the levy Tobolowsky, at Vernon, the county seat of the county, made an as-

signment of his property for the benefit of his creditors. One Shayne was made assignee and qualified as such, but was subsequently removed by the district judge, and the appellee was appointed in his stead.

Appellee brought this suit against appellants to recover damages for the seizure and conversion of the goods, and recovered judgment for their value, from which this appeal is prosecuted.

The defendants pleaded to the jurisdiction of the court on the ground that no one of them was a resident of Wilbarger County at the time the suit was brought. The pleas were treated as exceptions (which in substance they were), and were overruled. The statute provides that an action for a trespass may be prosecuted in the county in which the cause of action accrued. Rev. Stats., art. 1198, sec. 8.

The goods were seized in Wilbarger County, and their seizure was a trespass within the meaning of the statute. Willis v. Hudson, 72 Texas, 598.

It is, however, contended that if it was a trespass the cause of action remained in the first assignee of the goods, who had the legal title to them at the time of his removal, and did not pass to his successor, the plaintiff in this suit. But we are of opinion that all the rights of property and of action were transferred to the plaintiff by the removal of Shayne and the appointment and qualification of the present assignee, and that the latter had the right to sue.

It is further contended that the suit should have been abated because the bond of the plaintiff was not properly approved. His bond was approved by the district judge who removed his predecessor and appointed him. The statute provides that the bond of the first assignee shall be approved either by the judge of the County Court of the county in which the assignee resides or by the judge of the District Court of the district in which such county is situated. Sayles' Civ. Stats., art. 65f. It does not expressly provide who shall approve the bond of his successor in case there be one. But if it was not intended that either should have authority to approve the latter bond, it was certainly intended that the judge who orders the removal and makes the appointment should have that power.

Shayne was removed by the district judge in vacation. This was in accordance with the statute, and was not a judgment of the District Court from which an appeal could be taken under the statutes regulating appeals from that court. The power to remove an assignee is a special authority conferred upon the judge merely as a judge and not as a court, and no appeal from his order is provided for by the statute. Shayne's notice of appeal and bond were nullities, and did not suspend the order removing him.

It was not error to permit appellant Terry to testify as to his seizure and disposition of the goods levied upon by him, although he had made a return upon the writ showing his action in the premises. The plaintiff

in this suit was not a party to the writ, and is neither bound nor affected by the officer's return. The same is to be said as to the objection to the testimony of Hammond.

It is assigned that the court erred in admitting in evidence the deed of assignment over the objection that it was not properly acknowledged. There was no specific defect in the acknowledgment pointed out in the bill of exceptions or in the brief. As it appears in the record it is strictly in accordance with the statute.

It is claimed that the judgment is erroneous because the proof showed that after the levy the defendants A. & E. Mittenthall had purchased the goods in controversy from Shayne while he was assignee. The facts relied upon to establish a purchase are that Shayne demanded the goods of Mittenthall and that he refused to release the levy; that thereupon Mittenthall proposed to Shayne that he would buy up the other debts against the assigned estate and would pay therefor 40 cents on the dollar—his estimate of their value—and that if Shayne would not sue for the goods he would execute to him a bond of indemnity. These terms were agreed to by the latter and the bond of indemnity executed. The court did not err in holding that this transaction passed no title legal or equitable in the goods to defendants A. & E. Mittenthall.

The defendants A. & E. Mittenthall alleged in their answer that they were the holders of all the claims against the assigned property except a few, which amounted in the aggregate to a small sum, and prayed the court to fix the amount of this indebtedness to the end that they might pay it and thereby defeat a recovery. The court did not err in disregarding this answer. The plaintiff held the legal title to the property of the assigned estate, and it was his right and duty to collect the assets and to distribute them among the creditors. This was an action against trespassers for a seizure of property. They occupied in the suit the position of mere wrongdoers, and were not entitled to convert the action into an equitable proceeding for the adjustment and distribution of the trust fund. If the Mittenthalls had become the owners of all the claims against the estate it does not follow that by showing the fact they could have prevented a recovery in this action. The assignee had rights which the court would have been bound to respect.

There was no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered May 9, 1890.