## HALL v. SAUNDERS. (No. 3648.)

Court of Civil Appeals of Texas. Texarkana. March 15, 1929.

Rehearing Denied April 4, 1929.

Carter & Berwald, of Dallas, for appellant.

Cunningham & Lipscomb, of Bonham, for appellee.

HODGES, J. This appeal is from an order of the district court overruling appellant's plea of privilege. The record before us shows the following facts: On May 21, 1928, F. H. Anderson, a merchant residing and conducting a business in Fannin county, Tex., made an assignment for the benefit of his creditors. He named as assignee the appellant, Vernor Hall, who resided in Dallas county. The property assigned consisted of a stock of goods and some store fixtures, all of the estimated value of $9,500. Hall filed no bond as assignee in Fannin county, and filed none in Dallas county until June 16, 1928. On May 29, 1928, the city of Bonham, claiming to be a creditor of Anderson for the amount of delinquent taxes due, filed an application with the district judge of Fannin county asking that the appellee, J. C. Saunders, be appointed assignee, on the ground that Hall had failed to file the bond required by law in Fannin county. A similar application was made at the same time to the county judge of Fannin county. Upon the same day both of those judges granted the applications, removed Hall, and appointed the appellee, J. C. Saunders, as assignee of the estate of Anderson. Immediately after this appointment Saunders filed his bond in Fannin county, and endeavored to take charge of the stock of goods which had been assigned by Anderson. On the same day, but after the appointment and qualification of Saunders and subsequent to his demand for possession of the stock of goods, the latter was sold by direction of Hall, through an agent, to T. Z. Reynolds, a nonresident who was temporarily in Fannin county. Reynolds took possession of the stock of merchandise, and proceeded to sell it at retail in the city of Bonham. This suit was thereafter filed by Saunders, as assignee under appointment of the district and county judges of Fannin county, against Hall and Reynolds, for the conversion of the merchandise and store fixtures. Anderson was made a party defendant in the suit, for the purpose of recovering the original instrument of assignment. Hall filed his plea of privilege, claiming the right to be sued in Dallas county, the place of his residence. Saunders filed a controverting affidavit, in which he alleged three grounds for sustaining the venue in Fannin county. The first is that Anderson, a resident of Fannin county, is a party defendant. The second, that Reynolds, a nonresident of the state, is a party defendant and appellant Hall is also a necessary party defendant. The third is that the goods were converted in Fannin county, and suit might be brought in that county under subdivision 9 of article 1995.

We have concluded that the venue in Fannin county can be sustained only upon the last ground mentioned. The record shows that there were no legal grounds for making Anderson a party to the suit. It further shows that Hall was not a necessary party defendant in a suit against Reynolds for conversion. A suit might have been maintained against either one without the necessity of joining the other.

■ It is now generally held that the unlawful conversion of personal property is a trespass within the meaning of subdivision 9 of article 1995 of the present Revised Civil Statutes. Littlefield State Bank v. Moore (Tex. Civ. App.) 257 S. W. 1007; Bank of Carbon v. Coxe Mercantile Co. (Tex. Civ.

App.) 241 S. W. 602; Focke v. Blum, 82 Tex. 436, 17 S. W. 770; Perry v. Stephens, 77 Tex. 246, 13 S. W. 984; Willis v. Hudson, 72 Tex. 598, 10 S. W. 713.

The appellant contends that both the pleadings and the evidence show that there was no conversion of the property by Hall. That contention is based upon the proposition that Hall was not required by law to file his bond in Fannin county, and that he could not be removed or superseded by another appointee except by the order of a judge of Dallas county, where Hall resided. Both parties rely upon the provisions of article 266, Revised Civil Statutes, which is as follows: "Every such assignee shall be a resident of this state and of the county in which the assignor resides, or in which his principal business was conducted, and he shall forthwith after the execution and delivery of the assignment, cause the same to be recorded in the county of such assignee's residence and in every county in which there is any real property conveyed to him by such assignment; and shall execute a bond with sureties to be approved by either the judge of the county or district court in the county of residence of said assignee, in such sum as may be fixed by said judge, conditioned that he will faithfully discharge his duties as such assignee, and that he will make proportional distribution of the net proceeds of the assigned estate among the creditors entitled thereto. Such bond shall be payable to the State of Texas and shall be filed with the county clerk of the county in which said assignee resides, and shall inure to the benefit of the assignor and creditors. Upon filing said bond, the assignee shall take possession of the assigned property and proceed to execute the assignment; and if such assignee shall not within five days after the delivery of the assignment, execute an approved bond and file the same as herein provided, such assignment shall nevertheless take effect as against the assignor and his creditors. It shall be the duty of the county judge or judge of the district court of the county in which the assignee resides, either in term time or vacation, upon the application of the assignor or any creditor, and being satisfied that such bond has not been given, approved and filed, to appoint in writing another competent assignee who shall, upon the execution of such bond approved and filed as herein provided, take possession of the assigned property and proceed to execute the assignment. In case of vacancy by death or otherwise of any assignee, or upon removal of any assignee by the district or county judge for just cause, such judge shall appoint another in his place."

Appellant insists that the provision of this article which requires the assignee to be a resident of the county in which the assignor resides, or in which his principal business was conducted, which in this instance was Fannin county, is directory only, and did not render his appointment void. He also insists that those provisions which authorize the appointment of a substitute assignee by the county or district judge of the assignee's residence is jurisdictional, and in this case could be, exercised only by a county judge or judge of a district court of Dallas county. It has been held that the appointment of a nonresident assignee by the assignor does not render the assignment void. Foreman v. Burnette et al., 83 Tex. 404, 18 S. W. 756. In disposing of one of the issues involved in that case the court treated that provision of the statute as directory. But, conceding that Hall's appointment by the assignor was valid, and that he was not required to file a bond in Fannin county, he was required to file a bond somewhere within five days after the delivery of the assignment. This was not done. In fact, he filed no bond in Dallas county or elsewhere until June 16, more than two weeks after he sold the goods to Reynolds. The statute evidently contemplates that the assignee shall execute and file a bond before he is authorized to exercise any dominion or control over the trust property. Until such bond is executed and filed he is not qualified to act in that capacity. But, even if Hall did wrongfully assume authority to dispose of the property before qualifying as assignee, Saunders would have no right to bring this suit unless his appointment was legal. If that appointment was made by a district or county judge who had no power to make it, then the appointment of Saunders was not legal.

That brings us to the question: Could any district or county judge of a county other than Dallas county exercise that appointing power in this instance? The answer to that question involves a construction of the article of the statute above quoted. That article provides that the assignee shall be a resident of this state and of the county in which the assignor resides, or in which his principal business was conducted. After having made that direction, then provided that application for the appointment of a substitute assignee should be made to the county judge or judge of the district court of the county in which the assignee resided. That designation of the place where the appointing power should be lodged was evidently made in contemplation that the previous directions would be followed by the assignor in the appointment of the original assignee; that is, that the latter would be a resident of the county in which the assignor resided, or of the county in which the assignor conducted his principal business. If the statutory directions in the first instance had been observed by the assignor in this case, the county judge of Fannin county and the judge of the district court of that county

were legally authorized to make the substitute appointment. The assignor could not, by ignoring the statutory directions, defeat the clear legislative intent.

The case of Foreman v. Burnette et al., above referred to, is apparently decisive of this question. The facts of that case show that J. E. Mainor, who resided and conducted a business in Montague county, made an assignment naming Burnette as trustee. Burnette at the time resided in Dallas county. He failed to file a bond as required by law, and thereafter Foreman was appointed by the judge of the district court of Montague county. After his appointment Foreman demanded possession of the goods from Burnette. This was refused, and Foreman filed a suit against Burnette and certain creditors who had taken charge of the stock of goods formerly belonging to Mainor. In his petition Foreman stated all of the material facts, including his appointment by a judge of the district court of Montague county. Burnette and others excepted to the sufficiency of this petition, upon several grounds; among them was that Foreman had no right to bring that suit. The trial court sustained that and other exceptions, and dismissed the case. The appellate court reversed the judgment, thereby holding, by implication, if not expressly, that Foreman's appointment, although not made by a judge of the district court of the county of the former assignee's residence, was valid, and that he had a right to bring the suit.

We are of the opinion that the trial court correctly overruled the plea of privilege, and the judgment will be affirmed.