BOWERS et al. v. BRYANT–LINK CO. et al.
(No. 1219—5233.)

Commission of Appeals of Texas, Section A.
April 10, 1929.

Scarborough & Wilson, of Abilene, for plaintiffs in error.

W. D. Wilson, of Spur, for defendants in error.

HARVEY, P. J. C. T. Bowers held certain vendor's lien notes of W. C. Mitchell, which the latter had executed to one Powell for part payment of a certain tract of land in Crosby county. In January, 1926, Mitchell rented a portion of the land to E. M. Collins for that year. As rental, Mitchell was to receive one-fourth of the cotton crop and one-third of the grain crop. Collins raised a crop of cotton on the rented land, but no grain crop. In March, 1926, Bowers filed suit in the district court of Crosby county, against Mitchell, seeking recovery on the vendor's lien notes and foreclosure of the vendor's lien. On May 17, 1926, Mitchell executed his promissory note to the Bryant-Link Company for the sum of $1,771.38, payable at the town of Spur in Dickens county, on October 1, 1926. To secure the payment of the note, Mitchell executed a chattel mortgage covering one-half of all the rent cotton being raised on the land above mentioned. This mortgage was duly registered in Crosby county on the day it was executed. On June 30, 1926, Mitchell executed his promissory note to the Spur National Bank for the sum of $1,969.25, payable at Spur on demand. To secure the payment of this note, Mitchell executed a chattel mortgage covering the other half of said rent cotton. This instrument was duly registered in Crosby county on July 2, 1926. On June 1, 1926, some weeks before this last-mentioned chattel mortgage was executed, the district court of Crosby county rendered judgment in the suit which had been brought in March, by Bowers against Mitchell, on the vendor's lien notes. The judgment was in favor of Bowers against Mitchell for the amount of the notes and for foreclosure of the vendor's lien. Order of sale was duly issued on this judgment, and

the land was duly sold thereunder, to Bowers, on August 3, 1926. Immediately after the sale, Bowers induced Collins, the tenant, to consent to pay him the proceeds of all the rent cotton. Later, the cotton crop was gathered by Collins, and was sold by him from time to time as it was gathered and prepared for market. As these several sales were made, Collins appropriated all the proceeds; three-fourths of which he kept for himself and the other fourth was remitted by him to Bowers in Taylor county. Collins raised 66 bales of cotton on the place that year. About 60 of them were carried by him to Spur and there sold by him; the remaining bales were sold by him in Crosby county. Mitchell, from time to time, made payments on the notes secured by the chattel mortgages, leaving a balance due on the Bryant-Link Company note of $1,516.49, and on the Spur National Bank note of $546.29. The respective balances exceed in amount the value of the rent cotton by which the respective notes were secured.

The present suit was brought in Dickens county, by the Bryant-Link Company and the Spur National Bank, as plaintiffs, against Mitchell, Bowers, and Collins, as defendants. Neither of the defendants resides in Dickens county. Mitchell and Collins reside in Crosby county, and Bowers resides in Taylor county. In their suit, the plaintiffs, who are the defendants in error here, seek to recover of Mitchell the balance due on their respective notes, and of Bowers and Collins the value of all the rent cotton raised by Collins, which cotton the plaintiffs allege has been converted by Bowers and Collins to their own use. In due season, Bowers and Collins, respectively, filed a plea of privilege in which each duly claimed the privilege of being sued in the county in which he resides. The defendants in error duly filed controverting affidavit in which the facts respecting the rent cotton, as we have stated them, are substantially alleged. In due order of pleading, Bowers and Collins also filed a plea in abatement, alleging a misjoinder of parties defendant and of causes of action, in that the suit, as to Mitchell, is on promissory notes for the payment of which Bowers and Collins are in no wise liable, whereas the suit as to the two last named defendants sounds exclusively in tort. Bowers and Collins also pleaded, among other defenses, that Bowers, by virtue of his purchase of the land under the foreclosure judgment, became the owner of the rent cotton growing on the land at the time of the foreclosure sale. Mitchell failed to answer. The cause, as between the plaintiffs on the one side and the defendants Bowers and Collins on the other, proceeded to trial before the court without a jury, the pleas of privilege and in abatement being heard along with the merits of the case. The trial court rendered judgment overruling all said

pleas; and in favor of the respective plaintiffs against Mitchell, by default, for the balance due on the respective notes, and in favor of each plaintiff, severally, against Bowers and Collins for one-half of the value of all the rent cotton converted by them. In the judgment, appropriate order is made for the application, as credits on the amount adjudged against Mitchell, of such sums as may be collected from Bowers and Collins under the judgment. The two last-named defendants prosecuted an appeal, and the judgment was affirmed by the Court of Civil Appeals. 6 S.W.(2d) 788.

The relation of Bowers to the land, prior to the foreclosure sale, was that of mere lienholder. Until the title of the lien debtor, Mitchell, was divested by the foreclosure sale, the latter was entitled to effect a constructive severance of the rent cotton growing on the land, and thus prevent same from passing to the purchaser of the land at the foreclosure sale. Willis v. Moore, 59 Tex. 638, 46 Am. Rep. 284; Roberts v. Armstrong (Tex. Com. App.) 231 S. W. 371; Bowyer v. Beardon, 116 Tex. 337, 291 S. W. 219. The execution by Mitchell of the chattel mortgages effected such a severance; and Bowers acquired no property rights in the cotton by virtue of his purchase of the land under the foreclosure judgment.

The respective holders of the chattel mortgages were entitled to sue in trover and conversion for the wrongful conversion of the rent cotton covered by their respective mortgages. Boydston v. Morris, 71 Tex. 697, 10 S. W. 331; Bank v. Davis (Tex. Com. App.) 5 S.W.(2d) 753.

The facts which have been stated disclose that Collins converted all the rent cotton in question, and that in doing so he was acting at the instance of Bowers. Both therefore are liable as trespassers. Cabell v. Shoe Co., 81 Tex. 104, 16 S. W. 811.

The trespass, as regards a portion of the converted cotton, is shown to have been committed in Dickens county. Hence suit against both trespassers, in respect of such trespass, was properly brought there. R. S. art. 1995, subd. 9; Willis v. Hudson, 72 Tex. 598, 10 S. W. 713; Perry v. Stephens, 77 Tex. 246, 13 S. W. 984. And, too, venue in the suit against the trespassers, Bowers and Collins, for the conversion of all the cotton converted by them, lies in Dickens county, where some of the cotton was converted. All the acts of conversion were committed in pursuance of a general plan concerted by them; which plan comprehended the conversion of all the rent cotton raised by Collins. For this reason, if for no other, suit against them for the conversion of all may be brought in any county where any of the particular trespasses committed in pursuance of the general plan occurred. In this respect, no essential distinction is perceived between a conspiracy

to commit crime, as in Raleigh & Heidenheimer Bros. v. Cook, 60 Tex. 438, and a common design to commit trespass.

 No error was committed by the trial court in overruling the pleas in abatement. Mitchell, being the chattel mortgage debtor, is a proper party to the suit, and the cause of action arising against him on the mortgage debts was properly embraced in the suit, since the sums realized from the claim asserted by the defendants in error against Bowers and Collins will reduce the liability of Mitchell under the cause of action asserted against him. Cobb v. Barber, 92 Tex. 309, 47 S. W. 963; Parlin v. Miller, 25 Tex. Civ. App. 190, 60 S. W. 881 (writ refused).

We recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.