**R–F FINANCE CORPORATION v. JONES et ux.**

**No. 3824.**

Court of Civil Appeals of Texas. Amarillo. May 25, 1932.

E. M. Robertson, of Wichita Falls, for appellant.

Will R. Saunders, of Amarillo, and E. F. Ritchey, of Miami, for appellees.

JACKSON, J.

On July 23, 1931, the appellees instituted this suit returnable to the August term of the county court of Gray county, Texas, against E. S. Stewart and the R-F Finance Corporation, to recover $393 for the alleged conversion in Gray county, Tex., of their Ford automobile.

No service was had on E. S. Stewart and the case as to him was dismissed.

The appellant, R-F Finance Corporation, prosecutes this appeal from a judgment of the court overruling its plea of privilege.

The record discloses that appellees, on or about March 25, 1931, owned the Ford car in controversy against which appellant held a valid chattel mortgage lien to secure the payment of a note dated August 18, 1930, for the sum of $297, payable in eight monthly installments, the first seven for $38 each and the last for $31. The first installment was due on the 18th day of September, 1930, and one of the remaining installments was due on the 18th day of each succeeding month until the note was satisfied. The appellees paid the first five installments, but defaulted in the payment of the installments due in February and March, 1931. About March 25th, the appellant's agent demanded from appellees the payment of the past due installments, but at that time orally agreed that if appellees would deliver the car to said agent and within thirty days satisfy the unpaid installments, the charge for storage, and an additional consideration of $5, that appellant would hold the car in Pampa for a period of thirty days; that if the appellees complied with such agreement within said time, the car would be returned to them, but if they failed to comply therewith the automobile would be sold. On this agreement the appellees delivered the car. and within less than ten days thereafter tendered to appellant's agent, in cash, the entire balance of $107 due on the note and mortgage, the storage charge, and the additional consideration of $5, and demanded the return of the car. Appellant, through its agent, had, before such tender, sold the car and appropriated the proceeds thereof to its own use and benefit. The appellees seek to recover the value of their equity in the automobile, which they say was the sum of $393, and allege that by the sale thereof the appellant was guilty of conversion in Gray county, Tex. On August 14, 1931, the appellant, a private corporation, filed its plea of privilege, asserting that it was not a resident of Gray county at the time of the institution of the suit or procuring of service upon it, that it had no agent in Gray county, and asked that the case be transferred to Wichita county, where its principal office and place of business are located. On August 18th thereafter the appellees filed their controverting affidavit to the plea of privilege, maintaining that the court in Gray county had jurisdiction under each of subdivisions 4, 9, and 23 of article 1995 of the Revised Civil Statutes, setting out in detail the facts which they claim authorize the court to retain jurisdiction of the case.

The court set the plea of privilege for hearing on September 2d. The clerk issued and had served on appellant the notice of the controverting affidavit and the hearing, but inadvertently dated it September 18, 1931. On September 2d appellant appeared and filed its motion to quash said notice because defective, having been issued on September 18, 1931, which was not a present but an impossible date, and the court on the same day sustained the motion. The August term expired on September 5th thereafter, and it was impossible to issue and re-serve appellant with notice of the controverting affidavit and the hearing on the plea for said term, and by proper order the court granted appellees a

continuance on the issues made by the plea and affidavit until the next term of the court. A second notice was issued and served, commanding appellant to appear on November 16, 1931, of the next regular term, on which date the appellant appeared and filed its motion urging the court to sustain its plea of privilege and transfer the case to Wichita county, for the reason that said plea had not been heard and disposed of by the court during the term at which it was filed. The appellant also at the same time presented its general demurrer to the controverting affidavit, the appellees amended, and a hearing was had, and the general demurrer and the plea of privilege were both overruled.

The appellant contends that the court, having failed to dispose of its plea of privilege during the August term at which it was filed, was without jurisdiction to pass on said plea at the November term, because there is no showing that the business of the court would not permit a ruling on said plea at the August term.

Under the undisputed facts set out above, in our opinion the court was authorized to continue the hearing on the plea of privilege and did not commit reversible error in disposing of such plea at the succeeding November term. Spencer v. Sevier et al. (Tex. Civ. App.) 5 S.W.(2d) 589; Waldrep v. Roquemore et al., 60 Tex. Civ. App. 138, 127 S. W. 248; Garrett v. G., H. & S. A. Ry. Co., 49 Tex. Civ. App. 438, 108 S. W. 760.

The appellant assigns as error the action of the trial court in overruling its plea of privilege because the appellees failed to prove sufficient facts to constitute a prima facie case of conversion against appellant in Gray county, Tex.

The testimony is uncontroverted that the appellees owned the automobile on the 25th of March, 1931, subject to appellant's lien to secure a balance of $107; that appellees had defaulted in the installment payments due in February and March, and under the terms of the mortgage appellant was authorized to take possession of and sell the car at public or private sale; that appellant did not acquire possession of the car under the authority given in the mortgage, but obtained possession under the oral contract above set out, and long before the thirty days expired sold the car without appellees' consent and appropriated the proceeds to its use and benefit.

■■ In Crawford et al. v. Thomason et al., 53 Tex. Civ. App. 561, 117 S. W. 181, 183, the Court of Civil Appeals at Fort Worth quotes with approval the following language from Mr. Cooley: "Any distinct act or dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it, is a conversion." After this quotation the court continues: "This definition seems to be in accord with the weight of authorities on the subject of conversion, which further hold that the wrongdoer cannot question plaintiff's title or right of possession, nor defeat recovery by showing that the taking was in good faith and under a mistake."

The principles here announced have been approved in the following cases: Baldwin v. G. M. Davidson & Co. (Tex. Civ. App.) 143 S. W. 716; Pecos & N. T. Ry. Co. v. Porter (Tex. Civ. App.) 183 S. W. 98; G., C. & S. F. Ry. Co. v. Pratt (Tex. Civ. App.) 183 S. W. 103; American Surety Co. of New York et al. v. Hill County (Tex. Civ. App.) 254 S. W. 241, affirmed in (Tex. Com. App.) 267 S. W. 265; Baldwin Motor Co. v. De Ford et al. (Tex. Civ. App.) 282 S. W. 832.

In Hall v. Saunders, 15 S.W.(2d) 717, the Court of Civil Appeals of Texarkana says: "It is now generally held that the unlawful conversion of personal property is a trespass within the meaning of subdivision 9 of article 1995 of the present Revised Civil Statutes. Littlefield State Bank v. Moore (Tex. Civ. App.) 257 S. W. 1007; Bank of Carbon v. Coxe Mercantile Co. (Tex. Civ. App.) 241 S. W. 602; Focke v. Blum, 82 Tex. 436, 17 S. W. 770; Perry v. Stephens, 77 Tex. 246, 13 S. W. 984; Willis v. Hudson, 72 Tex. 598, 10 S. W. 713."

The appellant, having failed to exercise its right to take possession of and sell the car under the terms and provisions of the mortgage, but having obtained it under the oral agreement in which appellees contracted to pay a consideration in addition to the balance evidenced by the note and mortgage, the title to the car remained in appellees, and the sale thereof by appellant was a distinct exercise of ownership, a denial of appellees' rights, and inconsistent therewith, and in our opinion was an unlawful conversion which constituted a "trespass" under subdivision 9 of article 1995, as defined and interpreted by the courts.

■ In order to sustain the ruling of the court in overruling appellant's plea of privilege, it was only necessary to offer testimony which tended to raise the issue of conversion. Palmer et al. v. Pinkston et al. (Tex. Civ. App.) 282 S. W. 668.

The judgment is affirmed.