## DAVIS et al. v. BAILEY.
### No. 11697.

Court of Civil Appeals of Texas. Galveston.
April 12, 1945.

T. Gilbert Sharpe and J. M. Burnett, both of San Antonio, for appellants.

Hal B. Stoneham, of Navasota, for appellees.

CODY, Justice.

This is a plea of privilege case.

This suit was brought by appellee in the county court of Grimes County against appellants to recover possession of certain enumerated household goods and furnishings, alleged to have been taken from his home in Grimes County by appellants without his knowledge and consent. In the alternative, in case the possession of the goods cannot be had, appellee sues for their value in the sum of $315.

Appellants filed their plea to be sued in Bexar County, the county where they reside. Appellee filed his controverting affidavit in due form, and in it stated that the acts of appellants complained of by him brought his cause of action within Subdivision 9, R.C.S. Art. 1995. The hearing thereon was by the court without a jury. From a judgment overruling the plea this appeal is prosecuted.

Briefly stated, appellee's evidence came to this: On October 10, 1941, the articles sued for were in the home of appellee in Navasota. Appellant, Mrs. Davis, was in appellee's home on that date for the purpose of taking certain items of property to Houston (not including those sued for) for the purpose of selling them. When the truck on which such items were loaded left, appellee was present but did not check them. Shortly thereafter appellee missed some of the articles which he has sued for. The property which he had authorized Mrs. Davis to sell for him was returned to him upon his demand. The only item of property that he testified he ever saw in appellants' possession which he had not authorized them to take was a copper boiler. There was evidence that there had been other persons in appellee's home besides appellants.

Appellants predicate their appeal upon these points:

(1) Appellee's suit is basically one for the recovery of personal property and not one for damages based upon the unlawful conversion of property. Therefore appellee's action does not fall within Exception 9, R.C.S.Art.1995.

(2) Appellee wholly failed in his burden of proof to establish that he had a cause of action for trespass or conversion against appellants within Subdivision 9, R.C.S. Art. 1995.

Opinion.

It is well settled that in order "to deprive a defendant of the right of trial in the county of his domicile, the case filed against him must clearly come within one of the exceptions found in this (the venue) statute, and the burden rests upon the plaintiff to allege and prove that the case comes within the exception." A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W. 2d 619, 621.

The exception here relied on by appellee, Subdivision 9, R.C.S. Art. 1995, reads: "A suit based upon * * * trespass may be brought in the county where such * * * trespass was committed, or in the county where the defendant has his domicile."

In Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95, the rule was stated that:

"(2) The venue facts which a plaintiff is required to plead and prove under exception 9 are that the * * * trespass was in fact committed and that it was committed in the county where the suit is pending.

"(3) On the hearing of the plea of privilege, the issue made is tried in the ordinary way and the truth as to the fact or facts in issue is ascertained by the introduction and weighing of evidence offered by both parties."

We cannot hold that appellee did not plead a case coming under Subdivision 9. He pled appellants unlawfully took the property from his possession in Grimes

414

County with the purpose of depriving him of it, and of converting the same to their own use. This charge is that a trespass was in fact committed, and was committed in Grimes County, where the suit is now pending. No doubt at common law appellee could have chosen to bring his action in detinue or in trover, depending upon whether he wanted to recover the property which had been taken or whether he wanted to recover the value of the property as damages. But common-law forms of action have been abolished. And the fact that appellee has primarily sought the remedy which was attached to detinue has no significance. The cause of action pled by appellee, if established, would entitle him to either remedy. Here he has primarily sought to have his property restored, and alternatively for its value as damages, if it cannot be restored.

■ I. It is well established that conversion is trespass within the purview of Subdivision 9, Art. 1995. Willis v. Hudson, 72 Tex. 598, 604, 10 S.W. 713; Perry v. Stephens, 77 Tex. 246, 248, 13 S.W. 984; Bowers v. Bryant-Link Co., Tex.Com.App., 15 S.W.2d 598, 599; Frankfurt v. Grayson, Tex.Civ.App., 80 S.W.2d 486, 487. It could be contended with a greater show of reason that, where the plaintiff waives the illegality of the conversion by vesting the defendant with title and suing for the value, there had been no trespass, then it can be contended there has been no trespass where the plaintiff insists upon the return of his property. Here, so far as appellants are concerned, the trespass is the same unlawful act whether appellee treats it as a conversion, or whether he sues to recover the property. The privilege of choosing the remedy is the plaintiff's. And if the facts alleged are established, appellee is entitled to either remedy. We overruled appellants' first point.

■ The burden upon appellee here was to establish his case by a preponderance of the evidence, and not beyond a reasonable doubt. It is true, as able counsel for appellants point out, that appellee admitted he did not see appellants take the articles in question, and that they did not tell him they had done so. But, "the rule seems to be well established in this state that, where a party relies upon circumstantial evidence to establish his cause of action, or his defense, it is only necessary that such fact be established to the satisfaction of the jury by a preponderance of the evidence, whether same be circumstantial or otherwise." Buro v. Home Benefit Ass'n., Tex.Civ.App., 28 S.W.2d 902, 905, and authorities there cited.

We think the circumstances placed in evidence were sufficient to call for rebuttal, and appellants did not testify. The evidence showed that appellee was a widower, and arranged with Mrs. Davis, one of the appellants, to take certain articles of his property from his home in Navasota to Houston to sell. Such property did not include that here sued for, and it was of an extent and nature to require a truck to carry it. Appellee was present when the truck left his home, but he did not watch it loaded up, and did not check its contents. The property involved in this suit included such items as tables, a mattress, a trunk, window drapes, table covers, sheets, etc. A casual visitor would experience some difficulty in getting away with a depredation of such proportions under the eyes of the least suspicious of hosts. Besides, appellee testified to finding a copper boiler which belonged to him in appellants' home which he had never given them any consent to take.

■ We think that appellee made out a case which, unanswered, would authorize a jury to find that appellants had taken the property sued for from appellee's possession in Grimes County without his consent. The case being tried without a jury, the court was authorized to draw such inference. We therefore hold that, on the hearing of the plea, the appellee put in evidence facts which authorized the court to find that the venue facts existed, and to hold that, under Subdivision 9, Art. 1995, venue was properly laid in Grimes County.

The judgment of the court is affirmed.

Affirmed.