Eleanor H. Russell et al. v. James P. Bates et al.

No. 51.

**Land Certificate—Validating Act of March 31, 1883—Heirs of Deceased Patentee.**—Where a land certificate was granted to R. by special act of the Legislature, passed February 19, 1873, it is held, under the authority of Ralston v. Skerrett, 82 Texas, 486, that the validating Act of March 31, 1883, enured to the benefit of the heirs of R., although patent had issued to him thereon, and he had died prior to the date of such validating statute.

Appeal from Denton.　Tried below before Hon. D. E. Barrett.

*Owsley & Walker* and *Stillwell H. Russell,* for appellants.— 1.　The Act of March 31, 1883, confirming headright and bounty warrants issued under special laws passed between March, 1870, and April 17, 1876, was legal and valid, and by it the patent to William J. Russell was vitalized as a grant and made binding on the State from the issuance thereof. Gen. Laws 1883, p. 38; Bates v. Bacon, 66 Texas, 348; Blum v. Looney, 69 Texas, 1.

2. William J. Russell being dead at the time of the passage of the Act of March 31, 1883, the said act enured to the benefit of plaintiffs as his heirs, and they take under it by virtue of their right of inheritance. Rev. Stats., art. 3961; Gould v. West, 32 Texas, 338; Delk v. Punchard, 64 Texas, 364; Edwards v. Beavers, 19 Texas, 506; Strother v. Lucas 12 Pet., 412; Stringfellow v. Cain, 9 Otto, 610.

*R. H. Bates,* for appellees.—Appellants can not claim any title to the land in their petition under any law enacted prior to the death of William J. Russell, on the 5th day of November, 1881; and the Act of February 19, 1873, being void, did not create any title to said land; and if appellants can maintain this suit, they must do so by the Act of 1883; and if any title was ever passed by the State to said Russell, the same had its inception in said act, which could not have a retroactive effect. Gen. Laws 1883, p. 38; Sherwood v. Fleming, 25 Texas Supp., 408; Hamilton v. Avery, 20 Texas, 613.

HEAD, Associate Justice.—On March 31, 1883, the Legislature passed the following act: "Be it enacted by the Legislature of the State of Texas: That all surveys and patents by virtue of headright or bounty warrants issued under special laws enacted after March 3, 1870, and prior to April 1, 1876, to which there is no valid legal objection other than that such special laws are supposed to be in conflict with the Constitution then in force, are hereby validated and confirmed and declared to be as binding upon the State as they otherwise would be if such special laws had been permitted by the Constitution; provided, that if such headright or bounty certificate had been forfeited under existing laws by location and surveys on appropriated land, this act shall not be construed to revive the same; provided further, this act shall only apply to soldiers and heirs and actual settlers of Texas and their vendees to whom lands have been granted."

On September 2, 1889, appellants filed their petition in the District Court of Denton County, alleging that on the 19th day of February, 1873, the Legislature of the State of Texas passed a special act granting to William J. Russell a certificate for 640 acres of land for his having participated in the campaign against Bexar in 1835, and also containing the necessary allegations that said Russell had in fact participated in said campaign so as to entitle him to said certificate. That this certificate was located on the land in controversy and patent was issued to said Russell on the 20th day of September, 1873. Appellants' petition also showed that said William J. Russell died on the 5th day of November, 1881, and that they are his heirs, and they seek to recover of defendants, who are alleged to be trespassers, the land so patented.

The court below sustained a general demurrer to appellants' petition, holding, as we infer from the briefs of counsel, that the land having been patented to William J. Russell himself, and he being dead at the time of the passage of the Act of 1883, his heirs would have no claim to the land under said act. As an original proposition, the proper construction of this act would present questions of considerable difficulty; but since the decision of this case in the court below our Supreme Court has fully construed this statute, and, as we think correctly, held in such cases the heirs would be entitled to the land. Ralston v. Skerrett, 82 Texas, 486; also opinion of Commission of Appeals in same case, 17 S. W. Rep., 238.

The judgment of the court below will therefore be reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*

Delivered December 13, 1892.