### GOOD v. ADRIAN et al.   (No. 9650.)

(Court of Civil Appeals of Texas.   Fort Worth. May 21, 1921.)

**Venue ⬤²²(1)—In suit on joint and several contract defendants may be sued in the county where any of them reside.**

In suit against obligors in a joint and several contract to reimburse plaintiff for his expenses in securing settlement of an estate in which defendants were interested and one who had assumed the obligations of one obligor, suit may be brought in the county in which any of the defendants reside, since all the defendants have a legal interest in subject-matter of the suit, and should be made parties.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by Billy Good against Gwendoline Adrian and others. From an order to transfer the cause to another county, plaintiff appeals. Reversed and remanded.

Bryan, Stone & Wade, of Fort Worth, for appellant.

H. S. Lattimore, of Fort Worth, for appellees.

BUCK, J. Plaintiff, Billy Good, filed suit in the district court of Tarrant county against Gwendoline Adrian and her husband, alleged to reside in Tarrant county, and Dessie Williams. and her husband, Nep Williams, L. A. Ledbetter, and W. L. Ledbetter, alleged to reside in Hardeman county. The

plaintiff alleged that the defendants named and other parties were heirs at law of L. J. Ledbetter and his two wives; that Ledbetter and his said wives were all dead prior to April 13, 1917, having died intestate, leaving a community estate of said two marriages, which was located in Chillicothe, Hardeman county, Tex.; that no administration was ever had on said estate, and that the estate belonged to said heirs; that on said date the defendants, in conjunction with other heirs named, executed a power of attorney, by the terms of which they authorized the plaintiff as attorney in fact to settle up the estate and to divide it among the heirs; that the defendants and other heirs agreed that each would pay his pro rata part of the reasonable expenses and attorney's fees incurred in the settlement; that, acting under the said power of attorney and in behalf of said heirs at law, the plaintiff incurred and paid and became liable to pay certain items of expenses, including railroad fare, hotel bills, attorney's fees, etc., aggregating $1,121.41, and that the estate was partitioned among the heirs; that all of the heirs except W. L. Ledbetter signed the power of attorney, and that subsequently and pending the suit for partition, Estella Ledbetter Truitt and husband sold and conveyed their interest in said estate to the defendant W. L. Ledbetter, who, as a part of the consideration for the purchase of said interest, assumed the payment of Mrs. Truitt's pro rata part of the expenses incurred. In the alternative, plaintiff alleged that if W. L. Ledbetter did not assume the payment of Mrs. Truitt's pro rata part of the expenses, he purchased said interest in said estate with full knowledge and notice that said power of attorney had been. so executed, and that said interest was charged with a lien in favor of said Good for the expenses incurred by him under said power of attorney.

Defendants Dessie Williams and husband and L. A. Ledbetter and W. L. Ledbetter filed their plea of privilege to be sued in Hardeman county. The plaintiff filed a controverting affidavit, stating that, inasmuch as the defendant Gwendoline Adrian and husband resided in Tarrant county, and that the suit was brought for the purpose of recovering a judgment against all of the defendants on the joint and several obligations described in plaintiff's petition, executed by all of the heirs except W. L. Ledbetter, and, as alleged, W. L. Ledbetter had assumed the payment of the pro rata part of Mrs. Truitt, the venue was properly laid in Tarrant county in a suit against all the defendants.

Evidence was introduced showing Mrs. Adrian and husband lived in Tarrant county, and the other defendants lived in Hardeman county, and that the power of attorney had been executed by the heirs, including the

defendants aforesaid, except W. L. Ledbetter. The court sustained the plea of privilege, and ordered the cause to be transferred to the district court of Hardeman county, and the plaintiff has appealed.

The power of attorney contains the following clause:

"We do further agree that all usual and reasonable expenses of our said attorney in effecting the closing and settlement of said estate, including railroad fare, hotel bills and other expenses, and reasonable attorney fees, together with costs of court, shall be paid by us and deducted from our share and portion of the said estate, pro rata, in the event of nonpayment of the same."

In the case of Merchants' & Manufacturers' Lloyds' Insurance Exchange v. Southern Trading Co. of Texas, 205 S. W. 353, which was a suit against the Exchange and a number of persons who were alleged to be individual underwriters of the policy of insurance, this court in an opinion by Chief Justice Conner, said:

"Arising out of such wording of the policies appellants insist that the court erred in not sustaining their plea of misjoinder of parties and causes of action, the contention being that where the liability of each underwriter is fixed at a certain and definite percentage of the loss, and the policy stipulates that the liability of each is separate and distinct from that of any and all other underwriters, it is a misjoinder of parties and causes of action for the plaintiff to join all underwriters in one suit. While it possibly should be held otherwise under the strict rule of the common law, in equity and under our liberal system of pleading and practice, we feel no hesitation in saying that the plea of misjoinder was not well taken. The fundamental rule as to parties to suits in equity is that, however numerous they may be, all persons interested in the subject of the suit and its results should be made parties. The reason for the rule is the aim of the court of equity to do complete justice by embracing the whole subject, deciding upon and settling the rights of all persons interested in the subject of the suit, to make the performance of the order perfectly safe to those who have to obey it, and to prevent further litigation.' 16 Cyc. 181. The principle thus announced has been applied in many of our decisions. Thus it is said in Moore v. Minerva, 17 Tex. 20, to be 'common in chancery, where several claims under the same title to decree to each one his own particular interest; and our proceeding by petition is analogous to a proceeding in chancery. There is no inconvenience in such rule; it dispenses with a multiplicity of suits, which is a favored object, always to be encouraged by our jurisprudence,' etc. That was a case where a negro woman and her children instituted a suit to establish their freedom, claiming under a deed of manumission to the mother, damages for services being also claimed, and the court said:

" 'The parties, all claiming their freedom under the same title, might well unite in the action; and, so far as the damages for the deprivation of their liberty is involved, though the damage would be separate and to each individual according to the proof of the value of their services, there can be a separate judgment. The judgment and decree would be in favor of each for his freedom, and the damages assessed to each.'

"We see no reason why the rule thus indicated is not equally applicable here. As will be observed, the defendants in this action all joined by their authorized agents in the execution of the policies of insurance declared upon. They are parties to the policies, all jointly interested in them and all liable thereunder, and even if their liability is but several, and even though in the adjustment of the litigation the court should find it necessary to adjudge damages against each defendant severally to the extent only of the liability incurred by him, the court nevertheless retained jurisdiction over all."

While the judgment in the cited case was reversed by the Supreme Court on other questions involved (229 S. W. 312), yet the Supreme Court in effect held that the plea of misjoinder of the parties was properly overruled by the trial court.

In the case of Cobb v. Barber, 92 Tex. 309, 47 S. W. 963, the Supreme Court had before it certified questions from the Court of Civil Appeals for the Dallas District, and held that the maker of a certain promissory note, secured by a chattel mortgage on certain cattle, and other named defendants who it was alleged had converted the cattle to their own use and benefit, were properly sued in one action, and that the plea of privilege of the other defendants to be sued in the county of their residence was properly overruled. The court, in discussing the questions involved, said:

"Our system does not favor the bringing of a multiplicity of suits, and therefore permits all causes of action growing out of the same transaction to be joined, and all interests in the same property or fund to be litigated and the equities of the parties adjusted in the same suit."

See Skipwith v. Hurt, 94 Tex. 322, 60 S. W. 423; San Angelo Cotton Oil Co. v. Mfg. Co., 185 S. W. 887; Buckholts State Bank v. Thallman, 196 S. W. 687; Nueces county v. Guesett, 213 S. W. 725.

Mateer v. Cockrill, 18 Tex. Civ. App. 391, 45 S. W. 751, writ of error refused, was a case in which certain obligors, who had paid the obligation, sued the other obligors on certain instruments for contribution. The defendants pleaded a misjoinder of causes of action and parties. The Galveston Court of Civil Appeals, in overruling the objections raised by the defendants, said:

"Did the common-law system of pleading apply to the case presented by the petition of appellees, the assignments would doubtless be well taken; but that system has never been adopted by the Legislature of this state, and those rules of pleading have been recognized and enforced by our courts to a limited extent only. Our rules of practice are very analogous

to those which obtain in the courts of equity of England and of the United States. The general rule as to the joinder of parties, both in this state and in courts of equity, is that in case of joint interests, joint obligations and contracts, and joint claims, duties, and liabilities, all the joint owners, joint contractors, and others having a community interest in duties, claims, or liabilities, who may be affected by the decree, should be made parties to the suit. The rule is often more succinctly stated thus: 'All persons who have a legal or beneficial interest in the subject-matter of the suit should be made parties, either plaintiffs or defendants.' The subject-matter of this suit is the enforcement of contribution between joint obligors, where some of the obligors have discharged the joint obligation without assistance from the others. The rule that all who are interested in the subject-matter of the suit must be parties has its origin in considerations of justice and convenience for all concerned, and has for its object the prevention of circuity of action and the multiplicity of suits. We are of the opinion that there is no misjoinder of parties in this suit."

See Jalufka v. Matejek, 22 Tex. Civ. App. 384, 55 S. W. 395; Mathis v. Pridham, 1 Tex. Civ. App. 58, 20 S. W. 1015; Rich v. Parks, 177 S. W. 184.

We believe the court erred in sustaining the plea of privilege, and, accordingly, the judgment below is reversed, and the cause is remanded.