## BARNETT v. GOVAN. (No. 2563.)

(Court of Civil Appeals of Texas. Texarkana. April 27, 1922.)

1. Landlord and tenant ⊕⊃326(5, 6)—Offer of tenant through fear of landlord to sell share of crop does not preclude action for conversion.

The offer of tenant to sell his share of crop through fear of violence on the part of the landlord is not a voluntary abandonment of the premises and crop, and not an assignment of the rental contract such as to preclude tenant from maintaining an action for conversion of his share of the crop by the landlord.

2. Landlord and tenant ⊕⊃331(2)—Landlord forbidding tenant on shares to enter premises cannot complain in conversion of cost of gathering and marketing crop.

Where landlord threatened tenant on shares with personal violence and forbade him to enter premises after crop had been laid by, and demanded that tenant turn over crop to him for indebtedness, in an action by tenant for conversion landlord cannot complain that the charge of gathering and marketing the crop was assessed against him.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by Bell Govan against Robert P. Barnett. From a judgment for plaintiff, defendant appeals. Affirmed.

E. C. Lamm filed a petition for temporary injunction against the appellant, alleging that appellant had rented for one year to Bell Govan, under a rental contract, 90 acres of land; that by the terms of the contract appellant was to furnish the land, teams, and tools, and that Bell Govan was to furnish the labor to plant, cultivate, gather, and market a crop, one half of the crop to be appellant's and the other half to be Bell Govan's; that applicant afterwards bought the interest of Bell Govan in the crop, and agreed with Bell Govan to carry out his contract with appellant; that appellant refuses to permit him to enter the premises and gather the crop, wherefore he asks for a temporary injunction, restraining the appellant from interfering with his entering on the premises and gathering the crop. The trial judge granted a temporary injunction as prayed for. Afterwards Bell Govan filed a petition in intervention, alleging the rental contract between himself and the appellant as alleged by E. C. Lamm, and that he had, in accordance with the rental contract, planted, cultivated, and laid by a crop of cotton on the 90 acres of land; that about the last day of August, 1919, the appellant threatened him with personal violence, and forbade him from going upon the premises and demanded that he turn over the crop to him in payment of certain indebtedness owing for supplies; that because of such threats of personal violence he sold to E. C. Lamm his interest in the cotton crop, but that said Lamm had not paid him and had relinquished his claim back to the intervener; that appellant took possession and converted the crop. Wherefore intervener asks judgment for the value of his one-half interest in the crop, with legal interest thereon.

The appellant answered by denial, and specially that about July 12, 1919, Bell Govan turned the crop over to appellant in settlement of supplies and money furnished to make the crop; that Bell Govan breached the rental contract by selling the crop and subletting the land to E. C. Lamm without the consent of appellant, causing the appellant to expend the sum of $1,071.37 in further cultivating and gathering the cotton, and asks that this sum, with the further sum of $586.60 for supplies advanced, be recovered in a judgment against Bell Govan in the event he should be entitled to recover any part of the crop.

The case was submitted to a jury on special issues. The answers or findings of fact of the jury are substantially that: (1) Bell Govan did not sell his interest in the

crop to appellant on July 15, 1919, in settlement of his indebtedness to appellant. (2) That appellant threatened Govan with personal violence, causing Govan to fear bodily injury to the extent of inducing and causing Govan to attempt to sell his interest in the crop to E. C. Lamm. (3) That appellant did not consent to the sale to E. C. Lamm. (4) That the reasonable market value of the cotton crop at the time appellant took possession away from appellee was "20 bales of cotton at 30 cents per pound = $3,000.00; seed from 20 B. C. $600.-00 = $3,600.00 less cost of picking and ginning and marketing $871.00, leaving $2,729.-00." (5) That Bell Govan is indebted to appellant $300.00 for supplies and advances.

The evidence supports the findings of the jury. The appellee, Govan, a negro tenant of appellant, a white man, through fear of personal violence, was caused to not further gather his cotton crop already grown and laid by. Appellant took possession of the crop. Govan then attempted to sell his interest in the cotton crop to E. C. Lamm, but appellant, according to some evidence, refused to let E. C. Lamm enter the premises and gather the crop, and as a consequence Lamm and Govan mutually rescinded their agreement of sale. Govan did not sell or sublet to E. C. Lamm his rental contract of the land. There is evidence to support the finding that appellant took over the crop without consent of Govan, and refused to let him enter and gather the crop, notwithstanding the appellee's offer to gather it. There is involved in the court's judgment the finding that appellant converted the cotton belonging to appellee Govan. As there is evidence to support all these findings, they are sustained. Judgment was rendered for appellee for $1,064 and interest thereon, being one-half of the value of the 20 bales of cotton and cotton seed ($3,-600), less the cost of picking, ginning, and marketing ($871), and after deducting the $300 due by appellee to appellant for supplies.

B. Q. Evans and T. D. Starnes, both of Greenville, for appellant.

H. L. Carpenter, of Greenville, for appellee.

LEVY, J. (after stating the facts as above). [1] Appellant predicates error upon the verdict of the jury and the judgment thereon upon the ground that a tenant cannot maintain an action for conversion against the landlord when the tenant assigns the rental contract to a third person without the landlord's consent. The evidence on appellee's part, which the jury sustains, is that the appellee, the tenant, did not voluntarily abandon the premises and the crop, but was induced to do what

he did through fear of violence on appellant's part. Besides the evidence shows that appellee only offered to sell to Mr. Lamm under the circumstances of fear the one-half interest in the cotton; there was not by appellee a sale or offer of sale of the rental contract, nor a subletting of the premises to E. C. Lamm. There is no evidence tending to show repudiation of the lease or rental contract of the premises by appellee, if it be true, as found by the jury, that appellee did not, in July, 1919, sell to appellant his interest in the crop. The propositions of appellant are therefore overruled.

[2] The appellant insists that the appellee should be charged with the $871 cost of picking, ginning, and marketing the crop, found by the jury. The appellee is not suing on the contract of rental, but for conversion as a wrong done him in violation of the contract. He was forbidden, he says, from doing the work of picking and marketing, and therefore the extra outlay for work in gathering the crop was not occasioned by him so as to charge it to him. The jury, as did the court, deducted the cost of picking and ginning the cotton from the total value of the cotton, in effect making each party pay for one-half thereof. The appellant is in no position, as a legal tort-feasor, to claim that the item constitutes an overcharge or excessive recovery against him.

The remaining assignments, we conclude, do not present reversible error.

The judgment is affirmed.