COTTON CONCENTRATION CO. v. FIRST NAT. BANK OF McGREGOR et al.
(No. 6611.)

(Court of Civil Appeals of Texas. Austin.
Oct. 18, 1922. Rehearing Denied
Nov. 22, 1922.)

1. Venue ⊙⟫22(1)—Suit on note and for conversion of cotton securing it may be brought in county where necessary or proper party resides.

In an action on a note secured by cotton pledged to plaintiff, if a codefendant, who resided in the county where the suit was brought, was either a necessary or proper party, plaintiff could bring the suit in that county and join the cause of action against all other defendants.

On Motion for Rehearing.

2. Venue ⊙⟫16½—Suit on note and for conversion of cotton securing it brought in county of obligor's residence.

In suit on a note and for conversion of cotton securing it, where one codefendant was liable as an obligor on the note, plaintiff could bring the suit in the county of his residence, and the fact that another defendant, who resided in a different county, was sued on a separate cause of action for conversion, did not deprive plaintiff of its right, under the statute, to assert its cause in conversion, if it was so connected with the subject-matter of the other action as entitled plaintiff to assert both causes in the same suit.

3. Action ⊙⟫47—Suit on note and for conversion of cotton securing it properly joined.

Where the joining in a suit on a note against several defendants of a cause of action for conversion of the cotton securing the note by a warehouse company would not result in unnecessary confusion or delay, plaintiff could assert both causes of action in the same suit.

Appeal from District Court, McLennan County; Jas. P. Alexander, Judge.

Action by the First National Bank of McGregor against the Cotton Concentration Company and others. From an order overruling its plea of privilege defendant named appeals. Affirmed.

See, also, 241 S. W. 797.

Terry, Cavin & Mills, of Galveston, and Sleeper, Boynton & Kendall, of Waco, for appellant.

Witt, Terrell & Witt, of Waco, for appellees.

---

KEY, C. J.  Appellant's brief contains the following statement in reference to this appeal:

"This is an appeal by the appellant from the order and judgment of the Nineteenth district court of McLennan county, Tex., overruling appellant's plea of privilege to be sued in the county of its residence, to wit: Galveston county. The suit was begun in said district court by appellee First National Bank of McGregor against A. H. Richardson, a resident of Dallas county, and T. J. Lane, a resident of Taylor county, R. T. Trigg, a resident of Caldwell county, R. L. Spencer, a resident of McLennan county, and appellant, a corporation whose principal place of business was alleged to be in Galveston county. As to all the defendants except appellant, the suit was to recover on a note for $32,107.88, dated December 16, 1920, due six months after date, payable at McGregor, Tex., and signed by A. H. Richardson & Co., Inc., a corporation, A. H. Richardson, Lane & Allen, T. J. Lane, Trigg Bros. & Co., and R. T. Trigg, and indorsed by defendant R. L. Spencer.

"The petition alleged that the note was secured by 200 bales of cotton pledged to the plaintiff, 139 bales of which had been sold and the proceeds applied on the note, and that 71 bales of the cotton were deposited with appellant, a warehouseman, for which a negotiable warehouse receipt was executed, and the same delivered to plaintiff or its agent; that afterwards plaintiff tendered the receipt to appellant, and demanded the cotton, but appellant refused to deliver the same, and converted the cotton to its own use and benefit, to plaintiff's damage $8,000; and plaintiff asked for foreclosure of its lien on the 71 bales of cotton, and for judgment against appellant for $8,000, for conversion thereof. Afterwards, on January 3, 1922, appellant filed its plea of privilege to be sued in the county of its residence, containing the allegations required and provided for by statute in such cases.

"On March 22, 1922, plaintiff filed its controverting plea, in which it alleged that one of the defendants, R. L. Spencer, who is an indorser of the note sued on, and liable to the plaintiff, was a necessary and proper defendant to the suit, and that he was a resident of McLennan county, Tex.; also reiterated the allegations in its petition in reference to the pledge of the cotton and the issuance of the receipt by appellant at Galveston, Tex., for the cotton, and delivery to it, and that plaintiff held the receipt and the cotton as a pledge to secure the note, and that the allegations in his petition, copy of which was attached to the controverting plea, were true and made in good faith, for which reason he asked that the plea of privilege be overruled. On a hearing of the plea of privilege and the controverting plea, the court overruled the plea of privilege by appellant, from which ruling of the court this appeal is taken."

Appellees concede the correctness of that statement, and make the additional statement:

"The statement in appellant's brief of the nature and result of the suit is substantially correct; however, appellees desire to add to such statement the fact that A. H. Richardson & Co., Inc., one of the signers of the note sued on, is alleged in plaintiff's original petition to have been totally and wholly insolvent at the date of the maturity of the note sued on, and that said company had been adjudicated a bankrupt in the United States District Court for the Northern District of Texas in the Dallas Division of said court, and for said reasons was not made a party defendant in said suit."

[1] If R. L. Spencer, the defendant who resided in the county where the suit was brought, was either a necessary or proper party, the plaintiff had the right to bring the suit in that county, and to join in the same suit the cause of action against all the other defendants filed upon the note, and the cause of action against the Cotton Concentration Company for conversion of the property upon which the plaintiff had a lien to secure the payment of the note; also, while the defendant R. L. Spencer may not have been a necessary party, if he was a proper party, therefore either party had the right to make him a party to the suit in order that the rights of all parties having an interest in the subject-matter of the litigation might be disposed of in the same case. Being a surety upon the note, R. L. Spencer is interested in the cause of action asserted against the Cotton Concentration Company, because whatever amount should be recovered against that company, his liability will be reduced to the extent of such recovery.

Counsel for appellant quote from and seem to rely upon the case of Cobb v. Barber, 92 Tex. 309, 47 S. W. 963, but, in that case, after using the language quoted in appellant's brief, the Supreme Court said:

"Our system [of practice] does not favor the bringing of a multiplicity of suits, and therefore permits all causes of action growing out of the same transaction to be joined, and all interests in the same property or fund to be litigated, and the equities of the parties adjusted in the same suit. * * * It follows as a corollary from what has been said that all the defendants in this suit are proper parties to it. It is not the duty of a plaintiff to sue those who are proper but not necessary parties to it; but it is his right to do so. If rightfully defendants, the suit in a case of this character may be brought in any county in which either of the defendants resides."

That excerpt is a very clear and forcible statement of the rule of law applicable to this case, and therefore we hold that the trial court ruled correctly, and its judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

[2] Appellant's motion for rehearing has been overruled. But upon further consideration we have concluded to rest our decision also upon the proposition that, as the defendant, R. L. Spencer, was, according to

the averments of the petition, liable to the plaintiff as an obligor on the note sued on, the plaintiff had the right to bring the suit in the county of his residence; and the fact that the plaintiff also sued appellant, who resided in a different county, upon a separate cause of action,' did not deprive the plaintiff of its right under the statute to assert its cause of action against appellant in the same suit, if it was so connected with the subject-matter of the other cause of action as entitled the plaintiff to assert both causes of action in the same suit. We are of the opinion that the case belongs to that class, and therefore the plaintiff had the right to sue in any county where either of the defendants resided. Skipwith v. Hurt, 94 Tex. 322, 60 S. W. 423; Good v. Adrian (Tex. Civ. App.) 233 S. W. 298; Nueces County v. Gussett (Tex. Civ. App.) 213 S. W. 725.

[3] Plaintiff alleged in its petition that the note sued on was secured by pledge of a certain number of bales of cotton, which had been placed in the hands of appellant, and prayed for foreclosure of its lien upon the cotton, if appellant produced it, and, if it failed to produce it, then for a moneyed judgment for its value. Under our liberal system of procedure, and keeping in view the rule that that system does not favor the bringing of a multiplicity of suits, and the fact that it does not seem probable that joining in one suit the two causes of action will result in any unnecessary confusion or delay, we are of the opinion that the plaintiff had the right to assert both causes of action in the same suit.

Motion overruled.