**STORRS–SCHAEFER CO. v. SHELTON.**

**No. 4394.**

Court of Civil Appeals of Texas. Amarillo.

April 8, 1935.

Rehearing Denied May 13, 1935.

E. Byron Singleton and Underwood & Strickland, all of Amarillo, for appellant.

Otis Trulove, of Amarillo, for appellee.

JACKSON, Justice.

The appellant instituted this suit in the district court of Potter county against Louie Kirsch and John Malcolm Shelton, the appellee, to recover $730.54 for merchandise purchased by and delivered to Louie Kirsch by appellant, the payment of which sum the appellee guaranteed in writing.

In due time and form appellee filed his plea of privilege, claiming his residence in and asking that the cause be transferred to Hartley county for trial.

The appellant filed its controverting affidavit, made the written guaranty on which the liability of appellee is based a part thereof, and sought to maintain venue in Potter County under subdivisions 4, 5, and 29a of article 1995, Vernon's Ann. Civ. St.

A hearing was had, the plea of privilege sustained, and this appeal prosecuted.

Louie Kirsch was conducting a mercantile business in Amarillo, and was a resident of Potter county. The appellee was a resident of Hartley county.

The appellee executed and delivered to appellant a guaranty contract, the provisions of which material to a disposition of this appeal are as follows:

"For the sum of One dollar and other good and valuable considerations, the receipt of which is hereby acknowledged, and for the further consideration and purpose of securing credit from The Storrs Schaefer Company of Cincinnati, Ohio, for Principal, Louie Kirsch, whose usual place of business is Amarillo, Texas, who will be hereafter nominated as the Principal, we the undersigned surety or sureties, do hereby jointly and severally guarantee full and punctual payment to The Storrs Schaefer Company, for all goods and merchandise contracted for, delivered or consigned on order of said Principal, and any other indebtedness of said Principal that has been incurred, or may hereinafter be incurred, evidenced by notes or open account for goods and merchandise ordered from, or consigned, by the said The Storrs Schaefer Company to the said Principal. * * *

"It is understood and agreed by the parties hereto, that it is an absolute, unconditional Contract of Guaranty, and that The Storrs Schaefer Company, without further notice to the surety or sureties, proceed to act upon it, and furnish goods to the Principal named herein upon the faith of it as their judgment may direct, and we, the surety or sureties, expressly waive all notice of its acceptance, or any notice of purchase or purchases to the extent of this bond or any part thereof that The Storrs Schaefer Company may deem advisable.

"Upon default in payments set forth above, we the undersigned surety or sureties, shall at once become liable, and will pay within thirty days from maturity of the indebtedness of the principal, the amount due the said The Storrs Schaefer Company, in its discretion, employs an attorney, or takes legal proceedings to force the collection either against the principal or the sureties, we further agree to pay the cost of said collection by suit or otherwise, including a reasonable attorney's fee, hereby waiving the benefit of all exemptions as provided in the Constitution of this or any other State in the United States.

"This guaranty is to be an open and continuing one, until revoked by notice in writing and received by registered mail by the said The Storrs Schaefer Company; * * *

"The liability of the surety or sureties under this Guaranty shall, under no condition exceed the sum of $2,000.00 (Two thousand and no/100 Dollars).

"Signed at J. J. Ranch, Romero, Texas, this 18th day of March, 1924.

"[Signed] J. Malcolm Shelton, Surety.
"Witness E. C. Houghton, Jr.
"Witness R. L. Queen.

"Principal will sign below as approval of this agreement.

"[Signed] Louis Kirsch."

The debt, to recover which this suit was instituted, is evidenced by promissory notes executed by Louie Kirsch to and an account made with the appellant for merchandise. Louie Kirsch, who had his residence in Potter county, was liable for the debt. He had defaulted in the payment thereof, the guaranty contract was in full force and effect, was "absolute and unconditional," thirty

days had elapsed from the date of default, and appellee had "become liable" "to pay the indebtedness."

The guaranty contract does not provide in express terms or by necessary implication for a place of payment, and venue could not be maintained under subdivision 5. Hamlin et al. v. Ætna Casualty & Surety Co. (Tex. Civ. App.) 13 S.W.(2d) 382. And in our opinion subdivision 29a has no application. First National Bank in Dallas v. Pierce (Tex. Com. App.) 69 S.W. (2d) 756.

Subdivision 4 of the venue statute in part provides: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." This subdivision has been construed to authorize the maintenance of a suit against the principal and the guarantor in the county where either resides. 21 Tex. Jur. p. 191.

Kirsch, as principal in the contract, is liable for the failure to pay, while appellee is liable in the guaranty contract for the failure of Kirsch to discharge the obligation.

In Dublin Cotton Oil Co. v. Robinson (Tex. Civ. App.) 50 S. W. 1054, 1055, it is said: "The allegations are such as to import liability on the part of each of them to plaintiff for the consequences of the breach of the contract. Robinson, as principal in the contract, is liable for its breach, while Hamilton is liable as guarantor that Robinson would perform the contract. * * * There was therefore no misjoinder of parties, and it seems now settled in this state that, where the defendants may be joined in the same suit, the suit can be prosecuted in the county where either of the defendants resides." Citing many authorities.

In White et al. v. Alexander et al., 62 Tex. Civ. App. 512, 131 S. W. 437, 438, it is said: "As shown by the foregoing statement, McMahan, though having executed a separate instrument, was equally bound to the appellants for the amount owing by Montgomery with the other defendants upon the obligation executed by them. His liability, however, could not exceed $2,000. Being so bound, he was a proper party to the suit, and, living in Hunt county, jurisdiction of the court attached to him which gave jurisdiction over all the defendants living in Rains county who were liable to plaintiff for said indebtedness." Citing authorities.

In Harper v. Winfield State Bank et al. (Tex. Civ. App.) 173 S. W. 627, 628, the court uses this language: "The effect of the guaranty by Miller & Tabb was to pay the draft if the maker failed to do so. Therefore if the drawer of the draft was liable to the bank on his obligation, the guarantors were liable also, and were proper parties to the suit. A suit may be brought against plural defendants in the county where any one of them resides." Interpreting the subdivision of article 1995 here under consideration, the court continues: "Construing this subdivision, it has been held that the defendant, who resides in the county where the suit is brought, must be either a necessary or proper party defendant."

The contract fixing appellee's liability is not one of indemnity, but creates an absolute liability. Appellee was therefore a proper party defendant. American Fidelity & Casualty Co. v. Newman (Tex. Civ. App.) 60 S.W.(2d) 482.

As we construe the law, subdivision 4 does not require that a defendant be an indispensable party—one without whom no judgment could be rendered—but it is only essential that he be a proper party. Henderson Grain Co. et al. v. Russ et al., 122 Tex. 620, 64 S.W.(2d) 347, 349; Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861. The appellee, for a valuable consideration, agreed in writing to pay the debt involved. When Kirsch defaulted in its payment, appellant was authorized to sue therefor and join both him and appellee in one suit, which could be maintained in Potter County where Kirsch had his residence. Mathonican v. Scott & Baldwin et al., 87 Tex. 396, 28 S. W. 1063.

The judgment is reversed, and the cause remanded.