Cantey, Hanger & McMahon, of Fort Worth, for appellants.

W. O. Gross, of Mineral Wells, for appellee.

GRISSOM, Justice.

This is an appeal from an order of the district court overruling the plea of privilege of appellants S. B. Cantey, Jr., et al., executors and trustees of the estate of S. B. Cantey, deceased.

The City National Bank, Mineral Wells, Tex., sued R. N. Townsend, a resident of Palo Pinto county, upon two notes executed by him, payable to said bank in said county, and to foreclose mortgages executed by Townsend to secure the payment of said notes, the mortgages being on livestock in Palo Pinto county. The bank also asked for foreclosure of its mortgage liens against such executors (who are residents of Tarrant county), and charged that the executors were asserting some right, title, lien, interest, or claim in and to the livestock described in said mortgages, which property, the bank alleged, at the time of the giving of the mortgages and at all times thereafter belonged to Townsend. The bank alleged that if the executors had any interest in said property, such interest was inferior and subordinate to the lien of the bank. As an alternative plea, the bank charged that the executors had taken possession, custody, control, and dominion over said property to the exclusion of the bank and Townsend, in Palo Pinto county, and, further, that the executors had sold and removed from said county some of the livestock covered by said mortgages, and charged the executors with conversion of all of said property.

It was the contention of the bank and Townsend that the cattle, sheep, and goats located on the Cantey ranch in Palo Pinto county were largely owned one-half by the Cantey estate and one-half by Townsend, and that certain of said cattle belonged solely to Townsend, he having bought and paid for the same individually, without any connection with said estate, and that some of said last-mentioned cattle had been taken into the possession of the executors to the exclusion of Townsend and the bank and a part of them sold by said executors and the proceeds appropriated.

It was apparently the contention of the executors that Townsend, who had lived on and managed the Cantey ranch in the lifetime of S. B. Cantey as well as thereafter while said estate was being administered by his executors, owned no interest in the livestock, but that his efforts were to be compensated and his money expended in operating the ranch was returned to him by paying to Townsend one-half of the profits from said ranch business; that there had been no profits, hence no pay for Townsend's services and no return of his money.

At the time of the execution of the notes and mortgages and renewals thereof by Townsend to the bank, Townsend was in possession of the livestock. There was evidence to the effect that Townsend bought and paid for some of the livestock with his own money; that after the registration of the bank's mortgages, the executors took a mortgage from Townsend covering his half interest in the livestock; that the executors still hold said mortgage and claim that Townsend is indebted to them in the sum of approximately $19,000; that the executors took possession of said livestock in Palo Pinto county, excluding Townsend and the bank from the possession of same; that the executors sold some of said property and removed it from Palo Pinto county and are claiming all the remainder and retaining possession thereof.

It has been definitely determined by the courts of Texas that the conversion of personal property amounts to a "trespass" under subdivision 9 of article 1995, R.S. 1925. Bowers v. Bryant-Link Co. (Tex. Com.App.) 15 S.W.(2d) 598; Thorp Springs Christian College v. Dabney (Tex. Civ.App.) 37 S.W.(2d) 193; Frankfurt v. Grayson (Tex.Civ.App.) 80 S.W.(2d) 486; Bramblett v. Roby State Bank (Tex.Civ. App.) 67 S.W.(2d) 450; Hall v. Saunders (Tex.Civ.App.) 15 S.W.(2d) 717.

Subdivision 9 of article 1995, authorizes the bringing of a suit in a county in which a defendant does not have his domicile where the suit is based upon a trespass committed by him in said county.

We think the evidence sufficiently authorizes a finding by the court that the executors were guilty of conversion of at least some of the livestock covered by the mortgage in Palo Pinto county.

■ The executors contend, in substance, that all the testimony supporting the issue of conversion was admitted in violation of the "dead man's statute," article 3716, and could not be considered by the court in determining whether or not such conversion was shown. The testimony that some of the cattle were bought and paid for by Townsend without any connection with the Cantey estate, that the executors took possession of such cattle in Palo Pinto county and sold a portion of them was certainly admissible. The case of Bowers v. Bryant-Link Co., supra, is sufficient authority for holding that evidence showing a conversion of a part of the property alleged to have been converted in the county where the suit was brought authorized a suit in said county for the conversion of all the property simultaneously converted. Moreover, much of the testimony tending to support Townsend's claim of joint ownership of all the livestock with the Cantey estate was introduced without objection. To avail themselves of the benefit of article 3716, proper objection is required, and in the absence of such objection the testimony is not without probative force. Hein v. De Busk (Tex.Com.App.) 277 S.W. 1053; Hunt v. Garrett (Tex.Civ.App.) 275 S.W. 96; Walker et al. v. Fields et al. (Tex.Com. App.) 247 S.W. 272; Cox v. McClave (Tex. Civ.App.) 22 S.W.(2d) 961; 14 Tex.Jur. § 544, p. 329. We think both the pleadings and evidence on the issue of conversion sufficient to authorize a finding of a trespass committed by the executors in Palo Pinto county, and hence the judgment denying the plea of privilege is correct under subdivision 9, art. 1995. Bowers v. Bryant-Link Co. (Tex.Com.App.) 15 S.W.(2d) 598, 599; Compton v. Elliott (Tex.Com. App.) 88 S.W.(2d) 91; L. E. Whitham Const. Co. v. Wilkins (Tex.Civ.App.) 90 S.W.(2d) 916.

■ We also believe that the judgment was authorized by subdivision 4 of article 1995, which provides in part that "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." Townsend at all times here in question was a resident of Palo Pinto county. The notes in question were payable there. The livestock was taken into the possession of the executors in said county to the exclusion of Townsend and the bank, and a portion were removed from said county and sold by them. In the first count of the plaintiff's petition the bank asked for a foreclosure of its mortgage lien on said livestock, all of which, except that sold by the executors, was then in the possession of the executors in Palo Pinto county. A judgment of foreclosure in a suit to which the executors were not a party would not secure the possession of the mortgaged property, but would require another suit against the executors for a determination of the issues, both as to foreclosure and as relative to the alternative count of conversion. We think the executors were proper parties to the suit, and that therefore subdivision 4 of said article is applicable. The Supreme Court of Texas in Cobb v. Barber et al., 92 Tex. 309, 47 S.W. 963, 964, in an opinion by Judge Gaines, said: "If the cattle which were mortgaged were still in existence, and were in possession of Campbell and Cooper, and if they were asserting some claim to them, and if this were a suit to foreclose the mortgage, it is clear that they would be proper parties to the action." Every element of the supposed cause mentioned in the quoted paragraph exists in the instant case. The executors were proper, if not necessary, parties to the suit. A cause of action was unquestionably alleged and proved against the resident defendant Townsend. Adequate and complete relief could not be awarded plaintiff in the absence of the executors as parties to the suit, since they held possession of the property on which a foreclosure of the mortgage lien was sought. Also see First Nat. Bank in Dallas v. Pierce, 123 Tex. 186, 69 S.W.(2d) 756; McLeroy v. Thrift, Inc. (Tex.Civ. App.) 22 S.W.(2d) 497; First State Bank of Crowell v. Hill (Tex.Civ.App.) 2 S.W. (2d) 1023; Cotton Concentration Co. v. First Nat. Bank of McGregor (Tex.Civ. App.) 245 S.W. 118; Armstrong v. Muller (Tex.Civ.App.) 56 S.W.(2d) 895; Storrs-Schaefer Co. v. Shelton (Tex.Civ.App.) 82 S.W.(2d) 156; Jackson v. First Nat. Bank of San Angelo (Tex.Civ.App.) 37 S.W.(2d) 356; Christian v. Universal Credit Co. (Tex.Civ.App.) 63 S.W.(2d) 229; 9 Tex.Jur., § 88, p. 196.

Appellants' assignments of error are overruled, and the judgment is affirmed.