**FRIEMEL v. CROUCH.**

No. 5683.

Court of Civil Appeals of Texas. Amarillo.

Sept. 17, 1945.

Rehearing Denied Oct. 22, 1945.

that under a contract of hire appellant agreed to pay him $75 in cash each month and as additional compensation he was to receive two acres of wheat for each of the twelve months he worked for appellant, and also 15 acres of the row crop raised on appellant's farm. He alleged that the wheat was to be delivered to him in an elevator free of all expenses and that when appellant settled with him for his portion of the wheat appellant deducted $163 to cover the expense of hauling the same to the market. He further alleged that appellant refused to permit him to harvest any portion of the row crop but converted the same to his own use, and appellee sought damages for such conversion.

Appellee filed the suit in the District Court of Deaf Smith County, where the land is located and where he alleged the conversion took place. Appellant filed a plea of privilege in which he sought to have the venue transferred to Randall County, the county of his residence, and subject to his plea of privilege he filed a general denial. The plea of privilege was controverted by the appellee and the issue thus made was tried with the merits of the case. The court overruled the plea of privilege and submitted the remaining issues to a jury upon special issues, in answer to which the jury found that appellant agreed to bear the expense of hauling the wheat to market and that appellee was to receive 15 acres of the row crop in addition to the wheat and the monthly wages paid to him in cash, and that the average reasonable market value per acre of the row crop was $9.60.

The court entered judgment in favor of the appellee for the total sum of $519.25, which included $163 deducted by appellant from the value of appellee's portion of the wheat, and $144, the value of the 15 acres of row crop which the jury found appellee was to receive, and two other items not involved in this appeal. Appellant filed a motion for a new trial, which was overruled and he duly excepted, gave notice of appeal, and has perfected his appeal to this Court. He presents the case here upon the sole proposition that the court erred in overruling his plea of privilege and in refusing to transfer the venue to the District Court of Randall County.

Appellee filed the suit in Deaf Smith County upon the theory that appellant had converted to his own use the 15 acres of row crop to which appellee was

W. H. Russell, of Hereford, for appellant.

James W. Witherspoon, of Hereford, for appellee.

STOKES, Justice.

This suit was instituted by the appellee, W. W. Crouch, against the appellant, Fritz Friemel, to recover the alleged unpaid portion of appellee's wages as a farm hand for the year beginning July 1, 1943 and terminating July 1, 1944. Appellee alleged

entitled and that by doing so he was guilty of a trespass in that county under subdivision 9 of Article 1995, R.C.S.1925, which permits a suit based upon a crime, offense, or trespass to be brought in the county where such crime, offense, or trespass was committed. Although the statute does not specifically designate the conversion of personal property as an exception to the right to be sued in the county of one's residence, it has been definitely settled by many decisions of the courts of this State that such a conversion amounts to a trespass as contemplated by subdivision 9 of Article 1995. Ward v. Odem, Tex.Civ.App., 153 S.W. 634; Palmer v. Pinkston, Tex.Civ.App., 282 S.W. 668; Bowers v. Bryant-Link Co., Tex.Com.App., 15 S.W.2d 598; Hall v. Saunders, Tex.Civ.App., 15 S.W.2d 717; Cantey v. City Nat. Bank, Mineral Wells, Tex.Civ.App., 95 S.W.2d 475. Appellant contends, however, that appellee, being only an employe of appellant, did not own any interest in the row crop until after it was divided, and he asserts that before any part of the row crop could have been divided and delivered to appellee, the parties must have agreed upon the specific 15 acres to which appellee was entitled. There are cases in which the courts have held that no suit for conversion of personal property can be maintained unless the identical property alleged to have been converted can be identified, but that rule does not apply to this case, for the reason that appellee's portion of the crop is clearly identified. It was shown by the testimony that there were 90 acres of row crop and appellee's portion thereof was, therefore, an undivided 15/90 of the entire row crop. According to the finding of the jury, the value of the row crop was $9.60 per acre. The undisputed testimony was to the effect that appellant appropriated the entire row crop. There having been no division of the growing crop and no designation of the specific 15 acres appellee was to receive, the row crop belonged to appellant and appellee as tenants in common, and it has long been the settled law in this State that a suit for conversion may be maintained by one tenant in common against another tenant in common who appropriates to his own use and benefit the entire property owned in common between them. Collier v. Wm. Cameron & Co., 55 Tex. Civ.App. 153, 117 S.W. 915; Middleton v. Pipkin, Tex.Civ.App., 56 S.W. 240; Grice v. Herrick Hardware Co., Tex.Civ.App., 224 S.W. 533; Crow v. Ball, Tex.Civ.App., 99 S.W. 583; Fagan v. Vogt, 35 Tex.Civ. App. 528, 80 S.W. 664.

There is no difference between the relationship created by a contract of employment such as that shown to have existed between appellant and appellee and the ordinary relationship existing between a landowner and a sharecropper. Each is considered as creating the relationship of an employer and employe. Cry v. J. W. Bass Hardware Co., Tex.Civ.App., 273 S. W. 347. In the case of Barnett v. Govan, Tex.Civ.App., 241 S.W. 276, it was held that Govan, who was a mere sharecropper, could maintain a suit for conversion against Barnett, his employer, under circumstances similar to those revealed by the testimony in this case. We are not in accord with appellant, therefore, in the contention that under the circumstances revealed by the testimony he could not be charged with converting the portion of the row crop belonging to the appellee. There was ample testimony to support the finding of the jury and the conclusion is inevitable from its finding and the undisputed testimony that appellant appropriated to his own use the portion of the row crop belonging to appellee. This was a trespass as contemplated by subdivision 9 of Article 1995, R.C.S.1925, and the court below committed no error in overruling appellant's plea of privilege. The judgment will therefore be affirmed.