Joe AMBERSON et al., Appellants,

v.

Louis Scott WILKERSON, Receiver of Cedar Park Quarries, Inc., Appellee.

No. 10335.

Court of Civil Appeals of Texas.

Austin.

Dec. 7, 1955.

Rehearing Denied Jan. 4, 1956.

W. C. Wofford, Taylor, for appellants R. K. Allen, Terry Lankford and A. F. Bredthauer.

House, Mercer & House, San Antonio, for appellant Leander Limestone Corp. Walter E. Gates, Austin, of counsel.

Louis Scott Wilkerson, Austin, for appellee.

GRAY, Justice.

This appeal is from an order overruling appellants' pleas of privilege.

Appellee was appointed receiver of Cedar Park Quarries, Inc. (later referred to as Cedar Park) by the 53rd District Court of Travis County and as such receiver filed this suit in that court against Joe Amberson, a resident of La Salle County; R. K. Allen; Terry L. Lankford; A. F. Bredthauer, all residents of Williamson County, and Leander Limestone Corporation (later referred to as Leander), a corporation with its principal place of business in Williamson County. All defendants, except Joe Amberson, filed separate pleas of privilege which were overruled at a nonjury trial.

It was alleged that Cedar Park was a corporation with its principal place of business in Travis County with Joe Amberson as president, R. K. Allen as general manager and treasurer, and Terry L. Lankford as assistant treasurer; that said officers together with A. F. Bredthauer were members of the board of directors and that each was authorized to draw checks on Cedar Park's bank accounts.

It was alleged that R. K. Allen was a member of the board of directors of Leander; that he and the above named Amberson, Lankford and Bredthauer formed a partnership under the trade name of Cedar Park Truck and Stone Company with R. K. Allen as its principal managing partner; that Joe Amberson without authority from the board of directors of Cedar Park entered into a contract with said partnership whereby it was obligated to haul stone for Cedar Park for an agreed sum depending on the amount of stone hauled and the distance covered; that separate bank accounts were not kept for the partnership and Cedar Park but their funds and assets were commingled and that funds of Cedar Park were wrongfully diverted.

It was further alleged that prior to April 28, 1952, the defendants entered into a conspiracy for the wrongful purpose of causing all the assets of Cedar Park to be transferred to Leander for the purpose of giving Joe Amberson a right of action against Leander for $154,000 and for the further purpose of causing Leander to give Allen, Lankford and Bredthauer jobs as officers and employees of Leander for the purpose of soliciting and procuring for Leander the business of persons who had theretofore done business with Cedar Park; that pursuant to said conspiracy said defendants wrongfully caused Cedar Park to cease to do the business for which it was incorporated and to become insolvent and that its assets became a trust fund in the hands of said defendants for the benefit of the creditors and shareholders of Cedar Park.

It was further alleged that pursuant to the conspiracy said defendants caused defendant Amberson to enter into a contract with Leander whereby all of the assets of Cedar Park were transferred to Leander in consideration of the payment by Leander to Amberson of $154,000, and that the machinery in Cedar Park's plant in Travis County was dismantled and the physical possession of said machinery and all other assets of Cedar Park were transferred to the possession of Leander.

It was alleged that Cedar Park owned a large amount of stone which had been severed from the ground and was located at its mill in Travis County and that Leander took possession of said stone and

claimed it as its own under the terms of the above-mentioned contract. It was further alleged that after the execution of the above contract Leander wrongfully entered into two quarry pits and removed large and indeterminable amounts of stone therefrom which stone was wrongfully commingled and confused with other stone of Leander and was then cut, processed and sold by Leander thereby wrongfully converting the property interest of Cedar Park whereby it (Leander) became a constructive trustee of the proceeds of the sales of the stone for the benefit of Cedar Park.

It was alleged that one of the quarry pits was located in Travis County and one in Jones County.

Judgment was prayed for adjudging Leander to be a constructive trustee of all of its assets for the benefit of Cedar Park or in the alternative a judgment against Leander for $500,000 and in addition a judgment for money against the individual defendants jointly and severally and against the individual defendants and Leander jointly and severally was prayed for.

Appellants here present four points. These are to the effect that the trial court erred: (1) in admitting in evidence the minutes of the meeting of Cedar Park's directors and shareholders; (2) in admitting in evidence excerpts of testimony given by Terry L. Lankford and R. K. Allen in the trial of another cause; (3) in overruling the pleas of privilege because the pleadings and evidence show that a part of the suit is to recover possession of land located in Jones County, for trespassing on said land and for damages to the tract; and (4) in overruling the pleas of privilege because the evidence is insufficient to make out a prima facie case.

R. W. Carr testified that he was a stockholder and a director of Cedar Park and that he attended nearly all of the meetings. He said that at first Mr. Sibley kept the minutes and that at the next succeeding meeting the minutes were either approved or corrected and were then signed by the president, or the presiding officer, and the secretary. He said that after Mr. Sibley he was secretary and kept the minutes and identified the book containing the minutes and the by-laws of Cedar Park. At this time the book was offered in evidence, appellants objected and took Mr. Carr on voir dire examination and he said that while Mr. Sibley was secretary he was custodian of the book but that after he (Carr) became secretary he was nominated custodian and kept the book in Cedar Park's file in Colonel Tuttle's office who was deceased at the time of the trial. Appellants objected to the introduction of the book in evidence and stated:

"I am going to object to all this being introduced in evidence. I probably won't have further objection until I know specifically because part of it is signed by a dead man, and I think it involves the dead man's statute. Now, if I knew what part is going to be introduced in evidence, it might be a different story, but as a whole when the man testifies himself that somebody else kept it part of the time, for that portion of it I think, Your Honor, I am going to object to it being introduced in evidence. I think the portion of it probably where he knows something about it is a different situation."

The objection was overruled and the minute book was received in evidence. However the book is not in the record before us but the record shows only excerpts read from it.

Art. 1328, Vernon's Ann.Civ.St. requires the directors of a corporation to keep a record of all its business transactions. The witness Carr's testimony shows this requirement was met and he identified the book in which such records were kept. Art. 3737, Vernon's Ann.Civ.St. makes such records competent evidence in any action to which the corporation is a party.

Here the corporation was represented by its receiver and we cannot say the excerpts from the minutes were improperly received in evidence and we do

not think any transaction with a deceased person within the meaning of Art. 3716 is shown by the record before us.

During the trial there was received in evidence excerpts of testimony given by Terry L. Lankford and R. K. Allen during the trial of cause 92,981, Tipps Engine Works v. Cedar Park Quarries, Inc. et al. The parties defendant in that cause were Cedar Park, Lankford, Allen and Leander.

 The complained of testimony was relative to the execution of the contract between Joe Amberson and Leander which is a part of this cause of action. As to Lankford and Allen each respectively the evidence was admissible as a declaration against interest. Park v. Sullivan, Tex.Civ. App., 12 S.W.2d 265; 17 Tex.Jur., Sec. 236, p. 570 and Sec. 238, p. 573. Appellants did not request the trial court to limit the testimony to the party giving it and absent such request the trial court was not bound to so limit it. Further the petition alleged that the said contract was made in pursuance of a conspiracy to cause all of the assets of Cedar Park to be transferred to Leander. Under this pleading evidence as to the execution of the contract given by some of the conspirators was admissible as to all other co-conspirators if a prima facie case of conspiracy had been shown. 9 Tex.Jur., Secs. 21 and 22, p. 400. Here the trial was before the court and the question of whether a prima facie case of conspiracy (a question not before us) was shown was for him to decide when the evidence was offered or when he came to consider it.

 We do not interpret the allegations of the petition to constitute a suit for the recovery of land located in Jones County, or a suit for trespassing on said land or a suit for damages to the tract. The petition alleges: that after the execution of the contract by Joe Amberson Leander wrongfully entered into two quarry pits owned by Cedar Park, one of which pits was in Jones County and one in Travis County; that Leander extracted and severed large and indeterminable amounts of stone from said pits and wrongfully commingled it with other stone, and alleges a wrongful conversion of all the assets of Cedar Park a portion of which was alleged to have been located and converted in Travis County. It was alleged that the wrongful conversion of the assets of Cedar Park was at the instance of and pursuant to the plan and scheme of all defendants and all defendants were alleged to be liable as trespassers which trespass was alleged to have been committed, at least in part, in Travis County where stone and other assets of Cedar Park were located. These allegations rendered all defendants subject to suit in Travis County. Bowers v. Bryant-Link Co., Tex.Com.App., 15 S.W.2d 598. It is well settled that a conversion constitutes a trespass within the meaning of exception 9 of Art. 1995, Vernon's Ann.Civ.St.; Davis v. Bailey, Tex.Civ.App., 187 S.W.2d 412; Friemel v. Crouch, Tex.Civ.App., 189 S.W.2d 764. Er. ref., w. o. m.

 The pleadings allege and the proof shows that at least a part of the assets of Cedar Park were located in Travis County and that a trespass was committed there by the dismantling of the machinery in Cedar Park's mill and the taking possession of said machinery together with quantities of stone there located. For venue purposes the pleadings and these facts were sufficient to allege and show a trespass was committed in Travis County under exception 9, supra. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. A showing that a part of the property was converted in Travis County is sufficient to sustain venue there of the suit for conversion of all the property of Cedar Park simultaneously converted. Cantey v. City Nat. Bank of Mineral Wells, Tex.Civ.App., 95 S.W.2d 475.

The judgment of the trial court is affirmed.

Affirmed.